(77 South. 240)

ODEN–ELLIOTT LUMBER CO. v. LOUIS-
VILLE & N. R. CO.  (6 Div. 127.)

(Court of Appeals of Alabama.   Dec. 18, 1917.
Rehearing Denied Jan. 15, 1918.)

CARRIERS ⬤➞193 — CARRIAGE OF FREIGHT —
THROUGH RATE—OVERCHARGE BY TERMINAL
CARRIER.

Where there were two rates applicable to
shipments between certain points, one a joint
or through rate over one route, the other made
up by adding the respective rates of the several
roads involved in another route, the initial car-
rier was at liberty to contract with reference to
the former rate, though it shipped over the lat-
ter route, and, when the terminal carrier ac-
cepted the shipment it was chargeable with no-
tice of the rate agreed upon, and could not
charge the shipper a greater compensation than
the contract provided for.

Appeal from Circuit Court, Jefferson Coun-
ty; J. E. Blackwood, Judge.

Action by the Oden-Elliott Lumber Com-
pany against the Louisville & Nashville Rail-
road Company.  From a judgment for defend-
ant, plaintiff appeals.  Judgment reversed,
and judgment rendered for plaintiff.

Allen, Fisk & Townsend, of Birmingham,
for appellant.  Tillman, Bradley & Morrow
and John E. Stone, all of Birmingham, for
appellee.

BRICKEN, J.  This is an action for the
recovery of $168.63 in freight overcharges on
five carloads of lumber.  It appears that in
December, 1913, the appellant contracted with
the Gulf & Ship Island Railroad at Laurel,
Miss., to haul the lumber from Laurel, Miss.,
to Highland Park, Ky., at an agreed rate of
19 cents; this rate was a lawful rate.  The
Gulf & Ship Island Railroad hauled the lum-
ber to Jackson, Miss., where it was delivered
to the Illinois Central Railroad, a connecting
carrier, who hauled the lumber to Milan,
Tenn., where it was delivered to the Louis-
ville & Nashville Railroad Company, by whom
it was carried to its destination.  The rate

⬤➞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on a shipment of that kind from Milan, Tenn., to Highland Park, Ky., was 12 cents, which, added to the rate from Laurel, Miss., to Milan, Tenn., made a total rate of 26 cents. When the lumber arrived at its destination appellee demanded and collected the difference in freight rate between the 19-cent rate and the 26-cent rate. It further appears that at this time the 19-cent rate was applicable to shipments of this kind over the Gulf & Ship Island Railroad lines to Laurel, Miss., and from that place to Highland Park, Ky., by way of Jackson, Miss., on the lines of the Illinois Central Railroad to Louisville, Ky. Highland Park, Ky., is within switching limits of Louisville.

The bill of lading delivered to the appellant by the Gulf & Ship Island Railroad at Laurel, Miss., specified the 19-cent rate and "L. & N. delivery," meaning thereby that the shipment was to be delivered to the consignee by the appellee. The 26-cent rate was not based on the through rate, but was a combination of 14 cents to Milan, Tenn., and 12 cents from Milan, Tenn., to Highland Park, Ky. No lawful joint or through rate was authorized or had been promulgated for the shipment over the route it actually moved. There was, however, as above stated, a lawful through rate of 19 cents for this shipment, if it had moved from Jackson, Miss., to Highland Park, Ky., by way of the lines of the Illinois Central Railroad Company.

It is apparent from what has been said that the difference between the parties in substance is this: The appellant claims that it contracted for the 19-cent rate, which was the lawful rate, and that it should not be required to pay more because the carrier saw fit to route the shipment from Laurel, Miss., to Highland Park, Ky., by way of Jackson, Miss., and Milan, Tenn., instead of by way of Jackson, Miss., and Louisville, Ky. The appellee contends that the shipment was hauled over the route which had published rates aggregating 26 cents, and for that reason it was entitled to charge and receive 7 cents per hundred more than the rate stipulated by contract in the bill of lading. In other words, that it collected the lawful rate for the shipment over the route it actually moved.

We are of the opinion that the appellee was chargeable with notice that, in effect, there were two rates applicable to this shipment from Laurel, Miss., to Highland Park, Ky., and that the original carrier was at liberty to contract with reference to either of them, and that when the appellee accepted the shipment from the connecting carrier, it was, in effect, completing the contract originally entered into between the appellant and the Gulf & Ship Island Railroad, and it was therefore chargeable with notice of the rate agreed upon therein; the rate agreed upon

being a lawful rate and the shipment having been accepted for transportation at that rate, it was not permissible for appellee to subcontract for a partial performance of the original contract on the terms therein specified, and then upon completion of their part claim and collect from the appellant a greater compensation than the terms of the contract provided for. The appellant was entitled to the lowest lawful rate it could secure by contract, and having secured it, no carrier who contributed to the performance of the original contract could enhance the cost of the services to be rendered without its consent.

It results from what we have said that the lower court erred in rendering judgment for the appellee, and this judgment is here reversed and rendered for the appellant for the amount of the overcharges sued for, with interest thereon from date of payment to the appellee.

Reversed and rendered.