(79 South. 139)

Ex parte LOUISVILLE & N. R. CO.

ODEN–ELLIOTT LUMBER CO. v. LOUISVILLE & N. R. CO.

(6 Div. 733.)

(Supreme Court of Alabama. March 23, 1918. On Rehearing, May 9, 1918.)

1. CARRIERS ⬅79—ROUTING.
A carrier must observe directions of the shipper as to the routing, especially where a greater freight charge than the lawful charge agreed upon will be incurred if a different route is employed, unless intervening circumstances justify the change.

2. CARRIERS ⬅79—ROUTING.
Where the bill of lading specified a legal rate of 19 cents, and there was only one route over which the shipment could be made at such rate, carrier was sufficiently apprised of the route desired by shipper.

3. CARRIERS ⬅198—CONNECTING CARRIERS —CHARGES—LIABILITY.
Where shipper designated a route at a certain through rate, but the goods were deflected at a certain point over another route, thereby increasing the charges, the remedy of the shipper is not against the carrier to which the goods were deflected.

Certiorari to Court of Appeals.

Petition for certiorari to review an order of the Court of Appeals (77 South. 240), reversing a judgment for defendant in an action by the Oden-Elliott Lumber Company against the Louisville & Nashville Railroad Company. Writ granted.

See, also, 78 South. 989.

Tillman, Bradley & Morrow and John S. Stone, all of Birmingham, for appellant. Allen & Fisk, of Birmingham, for appellee.

McCLELLAN, J. The Oden-Elliott Lumber Company sued the Louisville & Nashville Railroad Company to recover $168.63, overcharge in freight exacted and collected by the railroad company. The trial court, without jury, rendered judgment for the defendant. On appeal the Court of Appeals reversed the judgment and remanded the cause. Oden-Elliott Lumber Co. v. L. & N. R. R. Co., 77 South. 240. The appellee there (petitioner in this court) complains that errors of law underlie the conclusion prevailing with the Court of Appeals. This court is of the opinion that such is the case; and, in consequence, that the writ of certiorari prayed should be granted.

[1-3] The shipments involved originated at Laurel, Miss., and their destination was Highland Park, Ky., on the defendant railway, within the switching limits of Louisville. The plaintiff bought the several cars of lumber from Eastman, Gardner & Co. at Laurel, Miss., and directed Eastman, Gardner & Co. to ship to Gamble Bros. at Highland Park, Ky.; the plaintiff, the owner of the lumber, having sold it to Gamble Bros., f. o. b. Highland Park, Ky. Gamble Bros. paid the freight charges exacted by the Louisville & Nashville Railroad Company for transportation of the lumber from Laurel to Highland Park, and deducted that sum from the amount they were due the plaintiff for the lumber. The bills of lading for this lumber were issued by the receiving carrier, the Gulf & Ship Island Railroad Company, to Eastman, Gardner & Co., Gamble Bros., consignee, and destination Highland Park, Ky. Each bill specified the rate of 19 cents per hundred. No route, between Laurel and Louisville or Highland Park, was expressly defined in the bills of lading, except this: "L. & N. Dely."—a stipulation to be later considered. These shipments were carried by the Gulf & Ship Island Railroad Company from Laurel to Jackson, Miss.; were there delivered to the Illinois Central Railroad, which transported them to Milan, Tenn., where (Milan) they were delivered by the Illinois Central Railroad Company to the Louisville & Nashville Railroad Company, which carried them to the consignees, on its line, at Highland Park, Ky., and collected freight charges made up of these established (under authority

of the Interstate Commerce Commission) rates: 14 cents per hundred from Laurel, Miss., to Milan, Tenn., "by way of the Gulf & Ship Island Railroad Company to Jackson [Mississippi] and the Illinois Central Railroad to Milan, Tenn."; and 12 cents per hundred from Milan, Tenn., to Louisville, Ky., by the Louisville & Nashville Railroad—aggregating 26 cents per hundred on the lumber, from Laurel, Miss., to Louisville, Ky., L. & N. Dely.," as against the through rate specified in the bills of lading. There was an established tariff authorizing the imposition by the Louisville & Nashville Railroad Company of a terminal charge at Louisville of $2 for switching each car "from the tracks of the Illinois Central at Fourteenth street and Ormsby avenue, Louisville, to Gamble Bros." The reference in the bills of lading to "L. & N. Dely." was to this switching charge at Louisville—within the switching limits of which Highland Park was located. The specification of the 19-cent through rate defined the route over which these shipments have moved from Laurel to Louisville, viz. the lines of the Gulf & Ship Island and the Illinois Central to Louisville. According to this record, to that routing only, between those points only, could the through rate have had reference.

It is the carrier's duty to observe the directions of the shipper as to the routing, especially where a greater freight charge than the lawful charge agreed upon will be incurred if a different route is employed, unless intervening circumstances justify the change. 4 Elliott on Railroads (2d Ed.) § 1440; 1 Hutchinson on Carriers, § 615. Even where the carrier has an option to route the shipment, the exercise thereof must be reasonable in view of the circumstances and the interest of the shipper. 2 Hutchinson, § 615; Blitz v. Union Steamboat Co., 51 Mich. 558, 17 N. W. 55; Stewart v. Comer, 100 Ga. 754, 28 S. E. 461, 62 Am. St. Rep. 353. No reason whatever is here disclosed for the change, at Milan, Tenn., of the routing of these shipments, from the Illinois Central to the Louisville & Nashville; if, indeed, that could have been validly effected without the consent of the shipper. The 19-cent through rate to Louisville had the sanction of the Interstate Commerce Commission, was therefore of a statutory effect, and neither shippers nor carriers could lawfully change it as the charge or basis of charge for transportation over that route, between those points. L. & N. R. R. Co. v. Maxwell, 237 U. S. 94, 35 Sup. Ct. 494, 59 L. Ed. 853, L. R. A. 1915E, 665; Penna. R. R. Co. v. Int. Co., 230 U. S. 184, 196, 197, 33 Sup. Ct. 893, 57 L. Ed. 1446, Ann. Cas. 1915A, 315. The same considerations require the conclusion that the established lawful rates for these shipments from Milan,

Tenn., to Louisville, Ky., over the Louisville & Nashville Railroad, was 12 cents per hundred; and the rate from Laurel, Miss., to Milan, was 14 cents per hundred; and that the exaction of the aggregate freight charges for these shipments by the Louisville & Nashville Railroad Company was lawful, for the transportation of these shipments over the route actually employed. The Louisville & Nashville Railroad Company could not have lawfully exacted any other charges for transportation over the route actually employed than it did exact. Author., supra. It could have lawfully undertaken to transport or have transported these shipments as upon the through rate from Laurel to Louisville over the Gulf & Ship Island and Illinois Central railroads. The wrong to the Oden-Elliott Lumber Company occurred when these shipments were deflected from their proper routing from Milan, Tenn. Whatever remedy the plaintiff has for the prejudicial deflection from the proper route stipulated, in effect, in the bills of lading, that remedy is not against the Louisville & Nashville Railroad Company as upon the theory that that company exacted an unlawful charge, in whole or in part, for the transportation of these shipments over the route they actually travelled. If, as appears, these shipments had moved over the route for which the stipulated lawful through rate was intended to compensate for the through service, the freight charge would have been 19 cents per hundred, instead of 26 cents per hundred, plus the switching charge of $2 per car. It results that the action of the trial court in rendering a judgment for the defendant was well advised, and that the reversal ordered by the Court of Appeals was laid in error. The writ prayed is therefore granted.

Writ granted. All the Justices concur.

## On Rehearing.

Reconsideration of the controlling questions decided in the original opinion, in the light of the brief in support of the application for rehearing, confirms the correctness of the judgment of this court in the premises. The decision in Mo., Kan. & Tex. Ry. Co. v. Ward, 244 U. S. 383, 37 Sup. Ct. 617, 61 L. Ed. 1213, is not opposed, in any way, to the conclusion prevailing in the case under consideration; to the contrary, the doctrine of that decision, in so far as it relates to the elements of the inquiry involved on this review, supports the conclusion here attained. In the Ward Case, supra, there was no factor of an unjustified deflection from the routing fixed in the original bill of lading; thereby radically distinguishing that case from the one at bar.

The rehearing is denied. All the Justices concur.