# NORFOLK & WESTERN RAILWAY COMPANY *v.* DIXIE TOBACCO COMPANY.

## ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF VIRGINIA.

No. 265. Argued April 28, 1913.—Decided May 12, 1913.

Under *Atlantic Coast Line* v. *Riverside Mills*, 219 U. S. 186, and *Galveston, Harrisburg &c. Ry. Co.* v. *Wallace*, 223 U. S. 481, which sustained the Carmack Amendment, stipulations in a bill of lading for interstate shipment that no carrier shall be liable for damages not occurring on its portion of the through route, are void; and the initial carrier is liable whether the through route connections are designated by it or by the shipper.

111 Virginia, 813, affirmed.

THE facts, which involve the constitutionality of the Carmack Amendment when applied to interstate shipments on through routes where the connecting carriers are designated by the shipper, are stated in the opinion.

*Mr. Francis Markoe Rivinus* (by special leave), with whom *Mr. S. Griffin, Mr. Thomas Reath* and *Mr. Theodore W. Reath* were on the brief, for plaintiff in error:

Obeying the canon of construction that of two possible constructions, one constitutional and the other unconstitutional, the constitutional construction will be adopted, this court has construed the Carmack Amendment to fasten liability on the primary carrier only if that carrier has by some voluntary act accepted liability to destination. *Lake Shore & Mich. Southern R. Co.* v. *Smith*, 173 U. S. 684; *A. C. L. R. R. Co.* v. *Riverside Mills*, 219 U. S. 186; *G., H. & S. A. R. R. Co.* v. *Wallace*, 223 U. S. 481.

An initial carrier cannot refuse a shipment designated for a point beyond its own line. *A. C. L. R. R. Co.* v.

*Riverside Mills, supra; Seasongood* v. *Tenn. & Ohio River Transp. Co.,* 21 Ky. Law Rep. 1142; *Inman* v. *St. L. Southwestern Ry. Co.,* 14 Tex. Civ. App. 39; Hutchinson on Carriers, 3d ed., § 226; *Galveston Comm. Assn.* v. *A., T. & S. F. Ry. Co.,* 25 I. C. C. Rep. 216.

At common law a carrier was not obliged to issue a bill of lading, but the Carmack Amendment creates a substantive duty to issue a receipt or bill of lading which shall describe the true place of destination for every interstate shipment. *Johnson* v. *Stoddard,* 100 Massachusetts, 306; *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Wallace,* 223 U. S. 481; *Enterprise Transp. Co.* v. *Penna. R. R.,* 12 I. C. C. Rep. 327.

Plaintiff in error in issuing the bill of lading with final destination (Marshall, Texas) shown therein complied with the express requirement of the statute and did not act voluntarily.

The Carmack Amendment does not apply to the plaintiff in error as it by no voluntary act assumed a relation with or liability for loss on any connecting carrier.

No appearance for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the defendant in error to recover for damage to tobacco shipped by it on the railroad at Bedford City, Virginia, to Marshall, Texas. The plaintiff got a verdict and judgment, which was affirmed by the Supreme Court of Appeals (111 Virginia, 813), the case having been taken there on the ground that the act of June 29, 1906, c. 3591, § 7, 34 Stat. 584, 595, amending § 20 of the Act to Regulate Commerce, of February 4, 1887, c. 104, 24 Stat. 379, 386, is unconstitutional. This section requires any common carrier receiving property for trans-

portation from a point in one State to a point in another to issue a receipt or bill of lading for the same; makes the receiving carrier liable for loss caused by any common carrier *in transitu;* and provides that no contract shall exempt it from the liability thus imposed.

The bill of lading stipulated that no carrier should be liable for damages not occurring on its portion of the through route. There was evidence that the tobacco was damaged after it left the railroad company's hands; and the defendant asked an instruction that if the jury believe that it delivered the tobacco in good order to the next carrier the verdict should be in its favor. This instruction was refused and the defendant excepted. There was evidence also that the plaintiff chose the route for the tobacco, being partly by sea and a different one from that which the railroad would have adopted, which would have been all rail. The railroad had no through route or rate established with the line of steamers by which the tobacco went. Instructions were asked and refused, subject to exception, that the bill of lading controlled, and that the above statute, so far as it attempts to invalidate limitations or liabilities like that quoted above, is void.

The Supreme Court of Appeals followed the ruling in *Atlantic Coast Line R. R. Co.* v. *Riverside Mills,* 219 U. S. 186 (to which may be added *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Wallace,* 223 U. S. 481), as conclusive. The plaintiff in error contends that these cases may be distinguished on the ground that in both of them it was to be presumed that the carrier was a voluntary party to a through route and rate, whereas here the stipulation against liability beyond its line and the fact that it had no through route with the steamship company exclude that presumption. It argues that as it was bound to accept goods destined beyond its line for delivery to the next carrier and was required by the statute to give a through bill of lading, if on such compulsory acceptance

it is made answerable for damages done by others its property is taken without due process of law. But in the former case there was the same stipulation in the bill of lading, and the supposed through routes were only presumed. In the second case the carrier is spoken of as voluntarily accepting goods for a point beyond its line, but there too there was the same attempt to limit liability, and in the present case the acceptance was voluntary in the same degree as in that. There is no substantial distinction between the earlier decisions and this.

*Judgment affirmed.*