M. F. TEETER v. SOUTHERN EXPRESS COMPANY AND SOUTHERN RAILWAY COMPANY.

(Filed 6 December, 1916.)

**1. Negligence—Partnership—Pleadings—Carriers of Goods.**

Where the plaintiff sues a carrier, an express company, for damages to a shipment of goods, and in the complaint alleges ownership thereof, which is not denied in the answer, the defendant cannot escape liability upon the ground that the shipment was owned by a partnership between plaintiff and others.

**2. Carriers of Goods—Live Stock—Viciousness—Negligence—Burden of Proof.**

While a carrier is not answerable in damages to a shipment of live stock caused by the natural viciousness of the animals, it must establish to the satisfaction of·the jury that the damages were thus caused, and not as a result of its own negligence, when the shipment was under its care.

**3. Carriers of Goods—Express Companies—Railroads—Live Stock—Contracts —Tort-Feasors, Joint.**

Where an express company violates its contract of carriage of a livestock carload shipment in not· allowing an attendant to ride free in the same car, owing to crowded conditions therein, and the attendant attempts to ride in a passenger coach of the same train under this contract, but is ejected by the conductor thereon: in his action against the railroad and express company, it is *Held,* that the two defendants were not joint tort-feasors, and that whatever rights the plaintiff may have had arose *ex contractu* with the express company, which was not responsible for the act of the railroad company in ejecting him.

**4. Carriers of Goods—Express Companies—Live Stock—Attendants—Contracts—Breach—Damages Minimized.**

Where an express company contracts for free transportation of an attendant on a carload of live-stock shipment, which it does not perform,

and the attendant is ejected by the conductor on the passenger train drawing the car, while attempting to ride under his contract in the passenger coach, it becomes the attendant's duty to purchase a passenger ticket and make claim against the express company for the amount, in diminution of his damages, and not permit himself to be ejected from the train to his humiliation, and hold the express company responsible therefor.

CIVIL ACTION tried at April Term, 1916, of CABARRUS, before *Long, J.,* upon these issues:

1. Did the defendant, the Southern Express Company, enter into a contract with the plaintiff on 24 January, 1915, to transport a car of horses and mules from East St. Louis, Illinois, to Albemarle, N. C., with the privilege of free transportation to the plaintiff as attendant and care-taker to look after said stock while in transit, as alleged in the complaint? Answer: "Yes."

2. Was the Southern Railway Company, the codefendant, one of the carriers employed by the Southern Express Company to transport said car of horses and mules from East St. Louis, Illinois, to Albemarle, N. C.? Answer: "Yes."

3. Were the horses and mules of plaintiff injured by the negligence of the defendant, the Southern Express Company, while in transit, as alleged in the complaint? Answer: "Yes."

4. If so, what damages, if any, is the plaintiff entitled to recover of the Southern Express Company for the injuries to said horses and mules? Answer: "$27.50."

5. Was the plaintiff wrongfully ejected from the train at Biltmore, and was such wrongful ejection due to the acts and conduct of the Southern Express Company, as alleged in the complaint? Answer: "Yes."

6. If so, what damages, if any, is the plaintiff entitled to recover of the Southern Express Company by reason of said ejection from the train, as alleged in the complaint? Answer: "$500."

7. Were the horses and mules injured by the negligence of the Southern Railway Company in transit, as alleged in the complaint? Answer: "No."

8. If so, what damages, if any, is the plaintiff entitled to recover from the Southern Railway Company by reason of said injuries? Answer: "None."

From the judgment rendered, the Southern Express Company appealed.

*J. W. Keerans, M. H. Caldwell for plaintiff.*
*J. Lee Crowell for defendant.*

BROWN, J. On 24 January, 1915, the plaintiff entered into a written contract with the defendant express company for the transportation of a car-load of horses and mules from East St. Louis, Ill., to Albemarle, N. C.

The plaintiff in his complaint states two distinct causes of action. Whether two such causes of action can be properly joined is doubtful, but as no such point is made, we will not decide it. We only note it so that this may not be regarded as a precedent.

### FIRST CAUSE OF ACTION.

Plaintiff sues the defendant express company to recover damages for injuries to the live stock, alleged to have been caused by the negligence of the express comany. The defendant contends that plaintiff cannot recover for damages to the stock because the plaintiff is a member of a copartnership to which the stock belongs. This position is untenable.

In section 3 of the complaint it is alleged that plaintiff is the owner of the stock, and that the contract for transportation was made with him. The defendant answers said section specifically and does not deny the allegation of ownership. As to the negligence alleged, the stock was injured while in the custody of the express company, and the burden of proof is upon such defendant to exculpate itself. It is true that a carrier is not liable for damages caused by an animal's natural viciousness or by the viciousness of other animals (6 Cyc., p. 382), but as the injuries occurred while the stock was in the care of the carrier, it must establish to the satisfaction of the jury that the injury is not the result of its own negligence. In a shipment of live stock the carrier is to some extent an insurer, and the burden is upon it to show that injuries in transportation were not caused by its negligence. *Schloss-Davis Co. v. R. R.,* 171 N. C., 350; *Ry. Co. v. Slatterly,* 107 N. W., 1045 (Neb.).

The motion to nonsuit upon this cause of action for injuries to the stock was properly denied.

### SECOND CAUSE OF ACTION.

Plaintiff alleges that under the written contract for the transportation of the stock, the express company undertook to give him transportation without further cost to plaintiff from East St. Louis to Albemarle. The clause of the contract relied on by the plaintiff is as follows: "In consideration of the carriage of plaintiff without charge upon the *same car wherein the animals referred to are forwarded,* he assumes all injury to person or property." The agent wrote in pencil on the contract. "One attendant free."

The plaintiff alleges that the stock car was full of animals and sealed up, and that there was no room in it for him as the attendant of the stock, so he rode in the passenger cars. He avers that he exhibited the contract to the several conductors and it was duly honored on connecting railroads until he reached Knoxville, Tenn., on the Southern Railway, when the conductor from that place to Asheville refused to honor it, and in consequence he paid his fare to Asheville. The plaintiff refused to pay his fare from Asheville to Salisbury, and the conductor on that train refused to honor the contract so far as the right to ride in passenger car and ejected the plaintiff at Biltmore. Plaintiff purchased a ticket and took the next train to Salisbury. Plaintiff avers "that such ejection was illegal, in violation of his rights under the written contract with the express company, and caused him much humiliation, indignity, and mental distress." Plaintiff seeks to recover compensatory damages of the express company for this alleged tort.

The court charged the jury that "The two companies (the express and railway companies) are joint tort-feasors, and their liability may be a recovery against both."

It is contended that under the express terms of the written contract, exhibited by plaintiff to conductor, the plaintiff had no right to travel in the passenger cars without paying his fare, and that the conductor was right in ejecting him therefrom. As the plaintiff and the railway company did not appeal, we will not consider that contention, but will rest our decision upon other grounds.

The court erred in holding that the express company is a joint tort-feasor with the railway company and liable for the tort alleged to have been committed by the conductor. An express company is not a carrier of passengers, but is a carrier of goods. The business of an express company, as usually conducted, involves continuous custody of goods received as a bailee from the time of their receipt until their final delivery, although the transportation thereof is to be effected by means of vehicles belonging to and controlled by others. 6 Cyc., 369.

Under their charters the duties and powers of express companies are defined, and do not extend to the carriage of passengers in interstate commerce. There is nothing in this record indicating that the express company was authorized to give or sell transportation over the Southern Railway. Were it otherwise, the written contract, introduced by plaintiff, contains nothing that would on its face authorize the conductor of the railway to accept it in payment for transportation in its passenger coaches.

Whatever rights the plaintiff may have arise out of that paper-writing, and are *ex contractu* and not *ex delicto*. When the conductor

refused to accept it for transportation, it was plaintiff's duty to pay for his passage, as he had previously done, and thereby minimize the damage. He should have then presented his bill of expenses to the express company, and if payment was refused, plaintiff should have sued on the contract if he thought there had been a breach of it. He has no cause of action against the express company as a joint tort-feasor. The motion to nonsuit as to this, the second cause of action, is allowed.

The cause is remanded to the Superior Court of Cabarrus County with instruction to enter judgment in accordance with this opinion. The costs of this appeal will be equally divided between plaintiff and defendant express company.

Error.