## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### R. T. Shields v. Commonwealth.

#### January 20, 1927.

1. Intoxicating Liquor—*Evidence—Finding Whiskey on the Land of Another—Proof that Accused had Brought Whiskey from the Land in Question—Case at Bar.*—The finding of whiskey upon the adjoining land of another is not *prima facie* proof of the guilt of the accused. But the Commonwealth in the instant case proved that accused had brought whiskey from the woods on the adjoining tract and placed it in an automobile and proceeded to inform the jury as to the quantity of whiskey found in the woods, the size and character of vessels which contained it, some of which were similar to those placed in the automobile by the accused, and exhibited the containers before the jury.

   *Held:* That these were incriminating facts and circumstances which the prosecution had a clear right under the circumstances to introduce as evidence in the case.

2. Intoxicating Liquor—*Appeal and Error—Conflicting Evidence—Identity—Case at Bar.*—In the instant case the accused denied that he was the man who had put whiskey in an automobile and stated that he had no knowledge of any whiskey being placed in the woods on land adjoining his premises. The charge against accused was sustained by two witnesses who testified that they saw accused, from a distance of two hundred or two hundred and fifty yards, deliver the whiskey into the car. The defense introduced witnesses who testified that a person could not identify another for a distance of two hundred or two hundred and fifty yards.

   *Held:* That the identity of the accused and the conflicts in the evidence were questions for the jury, and their finding of a verdict of guilty was conclusive on appeal.

Error to a judgment of the Circuit Court of Campbell county.

*Affirmed.*

The opinion states the case.

*Royston Jester, Jr.,* for the plaintiff in error.

*John R. Saunders,* Attorney General, *Lewis H. Machen* and *Leon M. Bazile,* Assistant Attorneys General, for the Commonwealth.

West, J., delivered the opinion of the court.

R. T. Shields complains of a judgment sentencing him to the penitentiary for two years for a second violation of the prohibition law.

The material facts, viewed from the standpoint of the Commonwealth, are these:

R. T. Shields conducted a small mercantile business on the Leesville road, in Campbell county, about seven miles from the city of Lynchburg. The store building was located on the west side of the road on twelve acres of land owned by his wife, between the "Wood" road and the "Traylor" road, which are about 800 feet apart. The "Wood" road runs through a tract of wooded land, known as the McVey tract, which adjoins the land owned by the wife. Much of the McVey tract was covered with bushes and underbrush.

In May, 1925, the officers were in that community in search of intoxicating liquor. They were in the edge of the woods in the rear of accused's store, when they saw a man leave the store and go down the "Wood" road into the woods, and after a few minutes return with a package under each arm. Upon his return trip they recognized the man as R. T. Shields. Upon his arrival at a point in the road near his store, he placed the two packages in an automobile driven by Macon Rose, who left at once going in the direction of Lynchburg. Rose was seated in his automobile and the accused was the only person who went near him. The officers, without delay, ran for their motorcyle, and, pursuing Rose at a terrific speed, keeping in sight of

21

the automobile all the time, and giving him no time to dispose of the packages the accused had given to him, overtook Rose about three miles from the store. They found in the front part of the car, where they saw the accused place the two packages, two brown paper sacks, each containing a one gallon tin can of whiskey. There were no other packages in the car. They arrested Rose and took charge of the whiskey. Later, on the same day, the officers made a further search of the woods from which the accused came with the packages, and about 100 yards from accused's store found, covered with leaves, twenty-nine pint bottles of whiskey. Further on they found forty odd gallons of whiskey covered with leaves behind a big log. They also found hidden in other places in the same woods whiskey in one gallon tin cans and half gallon fruit jars. The total amount of whiskey found exceeded eighty gallons, a portion of which was in five gallon containers.

The accused makes only two assignments of error: (1) The court's action in permitting the Commonwealth to introduce certain evidence; and (2) its refusal to set aside the verdict of the jury as contrary to the evidence and without evidence to support it.

The evidence introduced over the objection of the accused was some of the whiskey which the officers found in the same woods from which accused came with the two packages of whiskey which he placed in Rose's car. Accused contends this was prejudicial error, because, in a search of his store and the land on which it was located, the officers found no whiskey.

[1] It is true, as insisted, that the finding of whiskey upon the land of another was not *prima facie* proof of the guilt of the accused. *Troutner's Case*, 135 Va. 750, 115 S. E. 693. But, the Commonwealth having proved

that the accused had brought whiskey from the woods on the adjoining tract, it proceeded to inform the jury as to the quantity of whiskey found in the woods, the size and character of vessels which contained it, some of which were similar to those placed in the automobile by the accused, and to exhibit the containers before the jury. These were incriminating facts and circumstances which the prosecution had a clear right, under the circumstances, to introduce as evidence in the case.

There is no merit in this assignment.

The remaining assignment of error involves the sufficiency of the evidence to support the verdict of the jury.

The jury had a right, upon the facts and circumstances disclosed by the evidence of the Commonwealth, to find as true every fact contained in the statement of facts.

[2] The accused denied that he was the man who put the whiskey in Rose's car, and stated that he had no knowledge of any whiskey being placed in the woods. The defense also introduced witnesses who testified that a person could not identify another for a distance of 200 or 250 yards, the distance which the Commonwealth's witness was from the accused when he says he recognized the accused, crossing an open field, going to Rose's car with the packages under his arms. Other witnesses for the defendant testified that a hoop yard had been operated upon the McVey tract prior to 1925, and that the road through the wooded land was traveled at intervals by a number of people.

The Cox Case, 140 Va. 517, 125 S. E. 139, relied on by the accused, is not controlling here. There the evidence was "equally consistent with the guilt or innocence" of the accused. In the instant case the charge against the accused is sustained by two witnesses who saw the

accused deliver the whiskey into Rose's car. Of course, it is contended by the accused that the witnesses could not identify him at a distance of 200 or 250 yards. The identity of the accused, and the conflicts in the evidence, were questions for the jury and their finding is conclusive here. We think there is sufficient evidence to support the verdict of the jury.

*Affirmed.*