# Richmond

CHARLIE BOOTH V. COMMONWEALTH.

January 16, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and
Eggleston, JJ.

The opinion states the case.

*Hester & Hester,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

The petitioner was convicted on a charge of robbery and sentenced to eight years in the penitentiary.

We are first asked to reverse the judgment on the ground that there was a fatal variance between the indictment and the proof. The petition states that the indictment alleged that the money stolen belonged to R. E. Thompson, whereas the evidence showed that it was the property of D. Pender Grocery Company, which owned and operated the store of which Thompson was the manager.

This contention of the petitioner is without merit for two reasons. In the first place no question of the variance between the allegation and the proof was raised in the court below. No objection was made to the admissibility of the evidence and no motion was made to ex-

clude it on account of the supposed variance. It is well settled in Virginia that such objection can not be raised for the first time on appeal. Burks' Pleading and Practice (3d Ed.), p. 577, sec. 308; *Southern Ry. Co.* v. *Finley,* 127 Va. 132, 138, 102 S. E. 559, and cases there cited. The reason for such holding is that if the attention of the trial court had been called to the alleged variance, it could have been cured by an amendment to the indictment under Code, sec. 4878. *Robinson* v. *Com.,* post, page 876, 183 S. E. 254, decided at this term.

In the second place, as it is said in 23 R. C. L., p. 1154, sec. 20, "The great majority of the reported cases uphold the rule that an indictment for larceny, robbery, or some other crime based on a larceny, which alleges ownership in a certain person, will be sustained by proof that such person is the agent or bailee of the true owner, or has, in behalf of the owner, the control, care, and management of the property stolen." See also, *State* v. *Carroll,* 214 Mo. 392, 113 S. W. 1051, 21 L. R. A. (N. S.) 311, and note; Clark's Criminal Law (2d Ed.), p. 326; *State* v. *Hackle,* 110 W. Va. 485, 158 S. E. 708, 710. In *State* v. *Montgomery,* 181 Mo. 19, 79 S. W. 693, 67 L. R. A. 343, 2 Ann. Cas. 261, a conviction of robbery was upheld where the indictment charged that the money taken belonged to the clerk in charge of the store during the absence of his employer, while the evidence showed that the money was the property of the latter. Since Thompson was in charge of the store, and had custody of the money stolen, the allegation that he was the owner thereof was sufficient.

The principal assignment of error is that the lower court erred in refusing to strike out the Commonwealth's evidence and in refusing to set aside the verdict of the jury on the ground that it was contrary to the law and the evidence. The specific complaint under this assignment is that the evidence fails to prove that the accused was sufficiently identified as the person who committed the robbery.

The evidence on behalf of the Commonwealth shows

that about 10:30 o'clock on the night of Saturday, January 26, 1935, two men, armed with pistols and with their faces partly masked by handkerchiefs, entered the store of D. Pender Grocery Company at 510 Cabell street in the city of Lynchburg. The robbers covered with their pistols the manager of the store and the two other employees, compelled one of these to open the cash register and took therefrom the sum of approximately $171. The greater part of the money was in one dollar bills and in small change.

Thompson, the manager of the store, immediately reported the robbery to the police giving them a description of the bandits, one of whom he recognized as the accused. The accused was arrested the next afternoon between three and four o'clock.

Thompson was quite positive in his identification of the accused. He testified that for a number of years he had known Booth who had frequently been in the store. As he says: "I recognized him by his size, height, and thin face, and by his ears for one thing. I just knew his face. I knew him well enough just like anybody else. I had been knowing him long enough to recognize him. * * * I knew his voice." This witness further pointed out that the handkerchief only partly covered Booth's face thereby affording ample opportunity for recognition of him. At the line up at police headquarters, Thompson readily picked out the accused who was wearing the same clothes which the witness had recognized and described to the police immediately after the holdup.

While the other employees in the store, when called as witnesses for the Commonwealth, testified that they had not known the accused personally, they further said that the robber was of the same size as the accused, apparently had the same voice, and wore the same or similar clothes.

It was further proved that on the night of the robbery the accused was at a poker party from 11:30 until 12:30, had in his possession about $25 in silver and small bills,

and asked one of the witnesses to give him a ten dollar bill in exchange for the same amount in fifty cent pieces.

The evidence also shows that shortly before the robbery the accused was in posession of, and offered to sell an automatic· pistol similar to that used at the time of the robbery.

The accused denied any part in the robbery. According to his testimony he had been recently released from the State penitentiary where he had been serving a second term. He testified that on the date of the robbery he was employed at a' pop-corn stand where he received one dollar as his day's wages, that he left work about 9:30 P. M., went directly home and stayed there until he went to the poker party at 11:30 P. M. No other witness accounted for his whereabouts between 9:30 P. M. and 11:30 P. M. His mother, when called as witness on his behalf, testified that he was not at home when she returned there at 10:30 P. M., almost the precise time of the robbery.

No claim is made of any bad blood between the accused and Thompson, the manager of the store, who identified him so positively. No objections were made to the manner in which the jury was instructed. The evidence amply supports the verdict. The identity of the accused and the conflicts in the evidence were questions for the jury and their finding is conclusive here. *Shields v. Com.,* 147 Va. 640, 644, 136 S. E. 495.

The other assignments of· error are without merit, and the judgment is accordingly affirmed.

*Affirmed.*