COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Malveaux and Athey
Argued by teleconference

**PUBLISHED**

KEVIN DIAZ GOMEZ, S/K/A
 KEVIN DIAZ-GOMEZ

v.       Record No. 0369-19-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE WILLIAM G. PETTY
JUNE 9, 2020

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

Carlos E. Wall (The Gordon Law Firm, P.C., on brief), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Kevin Diaz Gomez argues that the trial court erred by denying his motion to set aside the

verdict based on an alleged fatal variance between the indictment for criminal street gang

recruitment and the evidence produced at trial.  For the reasons below, we affirm the judgment of

the trial court.

## I.  BACKGROUND

Kevin Diaz Gomez was indicted for abduction, a felony in violation of Code § 18.2-47,

criminal street gang participation, a felony in violation of Code § 18.2-46.2, and criminal street

gang recruitment, a felony in violation of Code § 18.2-46.3.  He was tried by bench trial in the

Circuit Court of Fairfax County and pleaded not guilty to all three charges.

Following the Commonwealth's presentation of evidence, Gomez moved to strike all

three counts.  He argued that the evidence was insufficient to prove abduction and criminal street

gang participation.  When prompted by the trial court to make an argument concerning criminal

street gang recruitment, trial counsel for Gomez responded, "No, Sir." The trial court took the motion under advisement for abduction and denied it as to criminal street gang participation and criminal street gang recruitment. After Gomez presented evidence, the trial court convicted him of criminal street gang participation and criminal street gang recruitment. An order memorializing the pronouncement of guilt was entered on May 30, 2018. By order entered on November 19, 2018, the court sentenced Gomez to three years and five months' imprisonment on both charges, to run concurrently. The trial court then stayed entry of the final order for sixty days due to post-trial appointment of new counsel for Gomez.

Gomez then filed a motion to set aside the verdict, and the Commonwealth filed its motion in opposition. Gomez contended that the evidence of criminal street gang recruitment was insufficient because the Commonwealth presented no evidence that Gomez "feloniously threaten[ed]" the victim as alleged in the indictment. He argued that because the indictment used the words "did feloniously threaten force," the Commonwealth was required to prove that a specific "felonious threat" was made. He also argued that the evidence of gang participation was insufficient because gang recruitment was the predicate act for the gang participation conviction. The trial court denied Gomez's motion and entered the final order.

## II. ANALYSIS

Gomez argues the trial court erred when it denied his motion to set aside the verdict. He contends that because the indictment for criminal street gang recruitment used the words "did feloniously threaten," and because no evidence of a "felonious threat" was presented, there was a fatal variance between the evidence and the indictment. In addition, he argues that because criminal street gang recruitment was the predicate act for criminal street gang participation, then

the conviction for criminal street gang participation should also have been set aside.[1]  The Commonwealth argues that Gomez waived any objection to the indictment by failing to raise it prior to the court's verdict.  We agree with the Commonwealth.

Code § 19.2-227 provides, "Judgment in any criminal case shall not be arrested or reversed upon any exception or objection made after a verdict to the indictment or other accusation, unless it be so defective as to be in violation of the Constitution."  "As Code § 19.2-227 makes clear, once a verdict has been entered on an indictment, it will be set aside only if the indictment is 'so defective as to be in violation of the Constitution.'" Reed v. Commonwealth, 281 Va. 471, 481 (2011).  Such defect is one that "deprived the defendant of the ability to defend against the charge, thus depriving him of due process as required by the Sixth and Fourteenth Amendments." Id.  However, "'where there is enough on the face of the [indictment] to charge the defendant with the commission of an offense known to the law' the indictment will be sufficient to sustain the judgment rendered." Id. (quoting Council v. Smyth, 201 Va. 135, 139 (1959)).

Furthermore, Code § 19.2-231 authorizes the trial court to permit amendment to the indictment at any time before the finding of guilt "if there be any defect in form in any indictment, presentment or information, or *if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof*, . . . provided the amendment does not change the nature or character of the offense charged."  (Emphasis added).  The accused must then be arraigned on the amended indictment and allowed to plead accordingly, and the trial will proceed unless the court finds that the amendment "operates as a surprise to the accused." Id.

---

[1] To the extent that Gomez attempts to cast his argument on appeal as an attack on the sufficiency of the evidence to support his convictions, such argument is not encompassed by his assignment of error.

In Stamper v. Commonwealth, 228 Va. 707, 712-13 (1985), the defendant argued that a fatal variance existed in the indictment because "the evidence did not conform to the offense charged." The Supreme Court declined to consider the argument because the defendant objected to the variance for the first time at sentencing. Id. at 713. It held that "[t]he criminal statute of jeofails, Code § 19.2-227, requires that any [fatal variance] objection to an indictment, to be a ground for reversal, be made before verdict." Id. Therefore, "even if the [fatal variance] objection were valid, it came too late." Id. In Stewart v. Commonwealth, 225 Va. 473, 477 (1983), the defendant made a different variance argument in her motion to set aside the verdict than the one she made at trial. The Supreme Court did not entertain the new argument on appeal. Id. See also Booth v. Commonwealth, 165 Va. 794, 795-96 (1936) (holding that the defendant's variance argument was without merit because he made it "for the first time on appeal"); Honaker v. Commonwealth, 136 Va. 752, 755 (1923) (declining to consider the defendant's "objection to the sufficiency of the indictment" because it lacked the date of the offense, when the defendant made "no demurrer or exception, nor [asked for] any instruction"); Flanary v. Commonwealth, 133 Va. 665, 667-68 (1922) (holding that the defendant could not argue on appeal "that the indictment is defective for failure to state the time of the commission of the offense," when he failed to make that objection at trial, which then "could have been corrected at the bar by the prosecuting attorney on mere motion").

By contrast, the Supreme Court held in George v. Commonwealth, 276 Va. 767, 773-74 (2008), that the defendant preserved his fatal variance argument by objecting to a jury instruction that differed from the indictment's description of the crime, even though he "did not use the phrase 'fatal variance.'" Likewise, in Scott v. Commonwealth, 49 Va. App. 68, 77 (2006), a panel of this Court reversed a defendant's conviction based on a variance between the indictment and the proof where the objection was raised in a motion to strike prior to the verdict.

Here, Gomez first argued that there was a fatal variance in the indictment for gang recruitment when he made his motion to set aside the verdict. This occurred after the court had found him guilty and entered an order of conviction.[2] At no point before the verdict did Gomez alert the trial court or the Commonwealth to his variance argument. In fact, in his motion to strike, trial counsel for Gomez made no argument about the gang recruitment charge, focusing his attention instead on the other two charges. Because Gomez failed to make his objection to the indictment before verdict, as Code § 19.2-227 requires, we will not consider this argument on appeal. To permit Gomez to attack the indictment for the first time in a motion to set aside the verdict would make the provisions of Code § 19.2-231, allowing the Commonwealth to amend an indictment in the case of a variance, meaningless.

Moreover, nothing here suggests that Gomez was deprived of the ability to defend against the charge. See Reed, 281 Va. at 481. He was not "prevented . . . from understanding the nature and character of the charges against him." Id. at 482. Nor does the record suggest that the inclusion of the word "felonious" in the indictment for criminal street gang recruitment "interfered with his ability to defend against those charges." Id. Rather, the record demonstrates that Gomez understood the charges and put on a defense, only mounting his attack on the indictment after the guilty verdict was rendered and before entry of the final order. Therefore, if it is a defect at all, inclusion of the word "felonious" in the indictment for criminal street gang recruitment is certainly not a defect "in violation of the Constitution," and Gomez may not assert it as a basis to reverse his convictions. See id.

---

[2] The trial court's pronouncement of guilt constitutes the verdict in a non-jury trial. See Rule 3A:9(b)(2) (equating the jury returning a verdict with the court finding the defendant guilty).

## III. CONCLUSION

Because Gomez failed to raise his argument concerning a fatal variance in the indictment before verdict, as required by Code § 19.2-227, we will not consider the argument on appeal, and we affirm his convictions.

<u>Affirmed.</u>
