MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS ET AL. *v.* WARD ET AL., AND HOUSTON & TEXAS CENTRAL RAILROAD COMPANY.

ERROR TO THE COURT OF CIVIL APPEALS, THIRD SUPREME JUDICIAL DISTRICT, OF THE STATE OF TEXAS.

No. 241.  Submitted April 30, 1917.—Decided June 4, 1917.

Under the Carmack Amendment, the bill of lading issued by the initial carrier governs the entire transportation; the liability of each participating carrier is fixed by its valid, applicable terms; and new con-

ditions can not be introduced by a connecting carrier through a second bill of lading.

Without there being any break in the transportation or readjustment of rates, a connecting carrier issued a second bill of lading containing a stipulation, not in the original bill, by which its liability for damages was made conditional on service of a written claim within a certain time. *Held*, that the shipper's acceptance of the new bill was without effect upon the rights of the parties.

Under the Carmack Amendment, acceptance by the shipper without consideration of a second bill of lading governing a part of the through transportation and which contains new terms more favorable to the carrier is without effect.

169 S. W. Rep. 1035, affirmed.

THE case is stated in the opinion.

*Mr. Alexander Britton, Mr. Joseph M. Bryson, Mr. Charles C. Huff, Mr. Alexander H. McKnight* and *Mr. C. S. Burg* for plaintiffs in error.

No appearance for defendants in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

This is an action to recover damages for injuries to cattle in the course of an interstate shipment. The cattle were delivered on August 23, 1912, by J. R. Ward to the Houston and Texas Central Railroad Company at Llano, Texas, for transportation by it to Elgin, Texas, and over connecting lines, the Missouri, Kansas & Texas Railway Company of Texas, and the Missouri, Kansas & Texas Railway Company, to Winona, Oklahoma. The Houston Company issued a through bill of lading in the form of the "live stock contract" in common use, and charged a through rate, which was paid by the shipper as agreed. The cattle arrived at destination in a crippled and debilitated condition, alleged to have resulted from the

delay, rough handling, and other negligence of the carriers. Plaintiffs brought this suit for damages in the District Court for Llano County, joining the three carriers as defendants. The petition contained no reference to the Carmack Amendment (June 29, 1906, c. 3591, 34 Stat. 584, 595).[1] The Houston Company answered, setting up a provision in the bill of lading limiting liability to injuries occurring on its own line; and alleging that the cattle were transported to Elgin with ordinary care and there delivered in good condition to the connecting carrier. The Missouri, Kansas & Texas Railway Company of Texas, in its answer, denied the allegations of the complaint and, in addition, alleged that it had accepted the cattle at Elgin under a second bill of lading or live stock contract, executed by it and by one E. A. Barrer, as agent of the shipper; that the plaintiff had failed to comply with a stipulation therein, requiring, as a condition precedent to liability, that a written claim for damages be filed within thirty days after the happening of the injuries complained of; and that "the said shipment constituted and was an interstate shipment, originating in Llano, Llano County, Texas, and destined to Wynona, in the State of Oklahoma, . . . and the said provisions of said bill of lading were and are, each and all valid and binding upon [under?] the laws of Congress relating to interstate commerce in force at the time said bill of lading was executed and said shipment made."

The record is silent as to the circumstances under which this second bill of lading was executed; and although it is alleged to have been issued in consideration of a special reduced rate theretofore duly filed with the Interstate Commerce Commission, there is nothing to indicate that it affected the through rate already agreed upon in

---

[1] The rights of the parties are not affected by the Act of March 4, 1915, c. 176, 38 Stat. 1196, dispensing with the necessity of notice of claim in certain cases.

the original bill of lading. This lower rate referred to appears to have been merely the customary special rate offered in consideration of an agreed maximum valuation on the cattle per head. The same agreed value was stipulated in the original bill of lading, which expressly "limits the liability of carriers in consideration of a lower rate being granted." The Missouri, Kansas & Texas Railway Company set up the same defense, alleging that it had accepted the shipment under the second bill of lading.

A jury trial having been waived, the case was heard by the court, and judgment rendered in favor of the Houston Company, but against the other two defendants in amounts which were found to represent the damage suffered in the course of the transportation through the negligence of their respective agents. Upon appeal by these defendants, the Court of Civil Appeals of the Third Supreme Judicial District affirmed the judgment, on the ground that the liability of the connecting carriers must be governed by the provisions of the bill of lading issued by the initial carrier (which did not require a written claim in thirty days) and that the second bill of lading was void under the Carmack Amendment. 169 S. W. Rep. 1035. Upon denial of a petition for rehearing the case was brought here on writ of error.

The purpose of the Carmack Amendment has been frequently considered by this court.[1] It was to create in the initial carrier unity of responsibility for the transportation to destination. *Atlantic Coast Line R. R. Co.* v. *Riverside Mills,* 219 U. S. 186; *Northern Pacific Ry. Co.* v. *Wall,* 241 U. S. 87, 92. And provisions in the bill of

---

[1] *Atlantic Coast Line R. R. Co.* v. *Riverside Mills,* 219 U. S. 186; *Adams Express Co.* v. *Croninger,* 226 U. S. 491; *Kansas City Southern Ry. Co.* v. *Carl,* 227 U. S. 639; *Georgia, Florida & Alabama Ry. Co.* v. *Blish Milling Co.,* 241 U. S. 190; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Starbird,* 243 U. S. 592.

lading inconsistent with that liability are void. *Norfolk & Western Ry. Co.* v. *Dixie Tobacco Co.*, 228 U. S. 593. While the receiving carrier is thus responsible for the whole carriage, each connecting road may still be sued for damages occurring on its line; and the liability of such participating carrier is fixed by the applicable valid terms of the original bill of lading.[1] The bill of lading required to be issued by the initial carrier upon an interstate shipment governs the entire transportation. The terms of the original bill of lading were not altered by the second issued by the connecting carrier. As appellants were already bound to transport the cattle at the rate and upon the terms named in the original bill of lading, the acceptance by the shipper of the second bill was without consideration and was void.

The Railway Companies contend that while the Carmack Amendment makes the receiving carriers pay for all liability incurred by the connecting lines, the question of whether there is any such liability or not must be determined by reference to the separate contracts of each participating carrier, and not to the contract of the initial carrier alone. If, as contended, a shipper must, in order to recover, first file his "verified claim" with the connecting carrier who caused the injury, as provided in a separate bill of lading issued by such carrier, the shipper would still rest under the burden of determining which of the several successive carriers was at fault. Such a construction of the Carmack Amendment would defeat its purpose, which was to relieve shippers of the difficult, and often impossible, task, of determining on which of the several connecting lines the damage occurred. For the purpose of fixing the liability, the several carriers must

---

[1] *Georgia, Florida & Alabama Ry. Co.* v. *Blish Milling Co.*, 241 U. S. 190, 194, 196; *Kansas City Southern Ry. Co.* v. *Carl*, 227 U. S. 639, 648. See also *Southern Ry. Co.* v. *Prescott*, 240 U. S. 632; *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Dettlebach*, 239 U. S. 588.

be treated, not as independent contracting parties, but as one system; and the connecting lines become in effect mere agents, whose duty it is to forward the goods under the terms of the contract made by their principal, the initial carrier. *Atlantic Coast Line R. R. Co.* v. *Riverside Mills,* 219 U. S. 186, 206; *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Wallace,* 223 U. S. 481, 491.

The Railway Companies also contend that the acceptance of the second bill of lading operated as a waiver of all rights thereafter accruing under the first. The record discloses no evidence of intention to make such a waiver and there was no consideration for it. Furthermore as stated in *Georgia, Florida & Alabama Ry. Co.* v. *Blish Milling Co.,* 241 U. S. 190, 197, "the parties could not waive the terms of the contract under which the shipment was made pursuant to the Federal Act. . . . A different view would antagonize the plain policy of the Act and open the door to the very abuses at which the Act was aimed."

*Judgment affirmed.*