SOUTHERN RAILWAY CO. *v.* LEWIS & ADCOCK CO.*

(*Knoxville.*    September Term, 1917.)

1. **CARRIERS. Interstate. Discrimination. Carrier's liability.**

An agreement by a carrier to pay damages, not occurring on its lines, to goods shipped under a bill of lading providing that no carrier shall be liable for loss other than on its own lines, is a discrimination against the uniformity of responsibility required of carriers of interstate commerce, and is unenforceable. (*Post, pp.* 39-42.)

Cases cited and distinguished: M., K. & T. R. Co. v. Ward, 244 U. S., 383; Georgia, F. & A. R. Co. v. Blish Milling Co., 241 U. S., 190; Southern R. Co. v. Prescott, 240 U. S., 632; Atchison, T. & S. F. R. Co. v. Harold, 241 U. S., 371; C. & A. R. Co. v. Kirby, 225 U. S., 155.

2. **CARRIERS. Bills of lading. Limiting liability of connecting carriers.**

Carmack Amendment (Act Cong. Feb. 4, 1887, chapter 104, section 20, 24 Stat. 386, as amended by Act Cong. June 29, 1906, chapter 3591, section 7, pars. 11, 12, 34 Stat. 595 [U. S. Comp. St. 1916, sections 8604a, 8604aa]), creating in initial carriers unity of responsibility for transportation to destination, does not preclude limiting the responsibility to shipper by a connecting carrier to damages on its own lines, and such limitation is good at common law. (*Post, pp.* 42-43).

Acts cited and construed: Acts 1887, ch. 104; Acts 1906, ch. 3591, sec. 7, pars. 11, 12.

Cases cited and approved: Atlantic Coast Line R. Co. v. Riverside Mills, 219 U. S., 186; M., K. & T. R. Co. v. Ward, 244 U. S., 383.

3. **EVIDENCE. Filing bill of lading with interstate commerce commission. Presumption.**

There is a presumption that copies of forms of bills of lading in use by interstate carriers have been filed with the Interstate Commerce Commission. (*Post, p.* 43.)

---

*The question of liability of connecting carrier for loss beyond its own line is discussed in note in 31 L. R. A. (N. S.), 7.

On the effect of Carmack Amendment on carrier's liability see note in L. R. A. 1917A, 193, 265.

Case cited and approved: Louisville & Nashville R. Co. v. Hobbs, 136 Tenn., 512.

4. **CARRIERS.** Connecting carriers. Actions. Estoppel.

A connecting carrier is not estopped to rely on a provision in a bill of lading, limiting liability to loss occurring cn its own lines, to defeat recovery on an unlawful contract made by its agent to pay such loss on interstate shipment. (*Post, pp.* 43-44.)

5. **APPEAL AND ERROR.** Assignment of error. Sufficiency.

An assignment, to the effect that the trial court erred in not peremptorily instructing the jury is equivalent to an assignment that there was no evidence to support the verdict. (*Post, p.* 44.)

Cases cited and approved: Southern Ice Co. v. Black, 136 Tenn., 401; Railroad v. Bonham, 130 Tenn., 435.

---

## FROM KNOX.

---

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— VON A. HUFFAKER, Judge.

ROSCOE WORD and J. M. MEEK, for appellants.

A. C. GRIMM, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by Lewis & Adcock to recover $150, the amount of damage claimed to have been suffered by a carload of oats. The oats were shipped from the Richter Grain Company in Cincinnati, Ohio, to the plaintiffs below at Knoxville, Tenn.,

on a uniform through bill of lading. The car was routed over the Cincinnati, New Orleans & Texas Pacific Railroad and the Southern Railway Company.

The proof showed clearly that the grain was damaged prior to its delivery to the Southern Railway Company. This fact is not controverted.

The plaintiffs below introduced proof tending to show that they had made a claim against the Southern Railway Company for damage to this shipment, and that an agent of the Southern Railway Company had agreed to pay them for this damage $150. This was denied by the railway company.

The railway company also relied on a stipulation in the bill of lading as follows:

"No carrier shall be liable for loss, damage or injury not occurring on its own road, or its portion of the route, nor after said property has been delivered to the next carrier except as such liability is, or may be imposed by law."

There was a judgment against the railway company for $150, the amount sued for, in the court below and this judgment was affirmed by the court of civil appeals. A petition for *certiorari* has been granted by this court and the case heard by us.

It may be conceded that there is sufficient evidence in the record to sustain the finding of the jury establishing the agreement between Lewis & Adcock and the claim agent of the Southern Railway Company, whereby the railway company undertook to

pay $150 for the damage sustained by this carload of oats.

Nevertheless it is contended by the railway company that if such an agreement was made, it was illegal and beyond the power of the carrier or any of its agents. We think this contention must be upheld.

Recent decisions of the supreme court of the United States construing the Acts of Congress declare that there must be uniformity in rates, uniformity in service, and uniformity of responsibility on the part of all carriers engaged in interstate commerce. The duties and responsibilities of such carriers are defined in the contracts or bills of lading filed with the Interstate Commerce Commission and the Acts of Congress, and these duties and liabilities may not be varied either by act of the carrier or the shipper, or indeed by State laws. *Missouri, K. & T. R. Co.* v. *Ward,* 244 U. S., 383, 37 Sup. Ct., 617, 61 L. Ed., 1213; *Georgia, F. & A. R. Co.* v. *Blish Milling Co.,* 241 U. S., 190, 36 Sup. Ct., 541, 60 L. Ed., 948; *Southern R. Co.* v. *Prescott,* 240 U. S., 632, 36 Sup. Ct., 469, 60 L. Ed., 836; *Atchison, T. & S. F. R. Co.* v. *Robinson,* 233 U. S., 173, 34 Sup. Ct., 556, 58 L. Ed., 901; *Atchison, T. & S. F. R. Co.* v. *Harold,* 241 U. S., 371, 36 Sup. Ct., 665, 60 L. Ed., 1050; *Chicago & A. R. Co.* v. *Kirby,* 225 U. S., 155, 32 Sup. Ct., 648, 56 L. Ed., 1033, Ann. Cas., 1914A, 501.

In *Chicago & A. R. Co.* v. *Kirby,* supra, the carrier undertook to make a contract with the consignor for

an expedited shipment of horses from a point, in Illinois to New York City. This was a special contract, no form of which was on file with the Interstate Commerce Commission, and by the terms of which a preference or advantage was given to the shipper. Such contract was held to be illegal.

In *Georgia, F. & A. R. Co.* v. *Blish Milling Co.,* supra, in discussing a provision of an interstate bill of lading, which it was urged the carrier had waived, the court said:

"But the parties could not waive the terms of the contract under which the shipment was made pursuant to the federal act; nor could the carrier, by its conduct, give the shipper the right to ignore these terms which were applicable to that conduct and hold the carrier to a different responsibility from that fixed by the agreement made under published tariffs and regultations. A different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed."

*In Southern Railway Co.* v. *Prescott,* supra, the court said: "It is also clear that with respect to the service governed by the federal statute the parties were not at liberty to alter the terms of the service as fixed by the filed regulations. This has repeatedly been held with respect to rates (citing authorities), and the established principle applies equally to any stipulation attempting to alter the provisions as fixed by the published rules relating to any of the services

within the purview of the act (citing authorities). This is the plain purpose of the statute in order to shut the door to all contrivances in violation of its provisions against preferences and discriminations.''

In *Atchison, T. & S. F. R. Co.* v. *Harold,* supra, the court said that the view pointed out in the previous decisions with respect to congressional legislation upon this subject was ''that its prime object was to bring about a uniform rule of responsibility as to interstate commerce and interstate commerce bills of lading.''

In *Atchison, T. & S. F. R. Co.* v. *Robinson,* supra, the court denied the power of a carrier to enter into a verbal contract for an interstate shipment different in terms from the contracts on file with the Commission.

In *Missouri, K. & T. R. Co.* v. *Ward,* supra, the court reannounced the rule laid down in *Georgia, F. & A. R. Co.* v. *Blish,* and held that the parties could not waive the terms of the contract under which shipment was made pursuant to the federal act.

As heretofore seen, the contract in this case provided that no carrier should be liable for loss, damage, or injury not occurring on its own road, or its portion of the route, except as such liability is, or may be, imposed by law.

The Carmack Amendment was enacted to create in the initial carrier unity of responsibility for the transportation to its destination. *Atlantic Coast Line R. Co.* v. *Riverside Mills,* 219 U. S., 186, 31 Sup. Ct., 164,

55 L. Ed., 167, 31 L. R. A. (N. S.), 7; *Missouri, K. &
T. R. Co.* v. *Ward,* 244 U. S., 383, 37 Sup. Ct., 617, 61
L. Ed, 1213, and cases cited.

The Carmack Amendment does not preclude a limi-
tation of responsibility to a shipper by a connecting
carrier for damages not occurring on its own line.
Such limitation is good at common law.

The presumption is that the bill of lading here ex-
hibited has been duly filed with the Interstate Com-
merce Commission. *Louisville & Nashville R. Co.* v.
*Hobbs,* 136 Tenn., 512, 190 S. W., 461.

We must conclude, therefore, under the authorities
heretofore cited, that the remedies of the ship-
per are confined to those prescribed in the bill
of lading or contract. The shipper can demand
no more than he is entitled to under such con-
tract, nor can the carrier voluntarily assume any ad-
ditional obligation in favor of a particular shipper.

The court of civil appeals was of opinion that the
defendant railway company was estopped to rely on
this provision of the contract in view of the fact that
the plaintiffs had, by reason of the alleged promise to
settle, probably lost their remedy against the car-
rier or party responsible for this damage. As we
have seen, however, the cases hold that the carrier
cannot waive the terms of the contract, nor do we
think any estoppel could arise by reason of its con-
duct.

Estoppel is founded in equity. It can never be as-
serted to uphold fraud or wrong of any character. 10
R. C. L., 690; 16 Cyc., 747.

Under the Acts of Congress it is unlawful for any shipper to receive any benefit or advantage to which all other shippers are not entitled at the hands of a carrier. An estoppel cannot be invoked to obtain for a shipper an unlawful preference.

It is urged on behalf of Lewis & Adcock that the question discussed has not been properly presented for the consideration of this court under our rules. It is said that there is no assignment of error here to the effect that there was no evidence to sustain the judgment in the lower court.

There is, however, an assignment of error in this court as follows:

"The court of civil appeals was in error in holding that the circuit court was not in error in overruling defendant's motion made at the close of all the evidence to peremptorily instruct the jury to return a verdict in its favor."

An assignment to the effect that the trial court erred in not peremptorily instructing the jury is equivalent to an assignment of error that there was no evidence to support the verdict since under our practice there could be no peremptory instructions unless there was no evidence to the contrary.

Such a motion is sufficiently broad to cover the questions made by the railway company in this case. *Southern Ice Co.* v. *Black,* 136 Tenn., 401, 189 S. W., 861, Ann. Cas., 1917E, 695; *Railroad* v. *Bonham,* 130 Tenn., 435, 171 S. W., 79.

It follows that the judgment of the lower courts will be reversed, and the suit dismissed.