### In re O'GARA COAL CO.

### NEW YORK CENT. R. CO. v. GARDNER.

(Circuit Court of Appeals, Seventh Circuit. November 19, 1923.)

### No. 3247.

**Carriers ⊝193—Original contract fixes obligations for freight charges, which connecting carrier cannot change.**

Original contract fixed consignor's obligation for freight charges, and no other liability could, without its assent, be imposed on it by a connecting carrier delivering the freight to the consignee before reaching its stipulated destination, the connecting carrier being the agent of the initial carrier, and its right to compensation being dependent on and determined by the contract such initial carrier made with the shipper.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the estate of the O'Gara Coal Company, bankrupt. Claim by the New York Central Railroad Company against Frank G. Gardner, trustee. From an adverse decree, claimant appeals. Affirmed.

See, also, 235 Fed. 883, 149 C. C. A. 195; 260 Fed. 742, 171 C. C. A. 480; 278 Fed. 509.

C. A. Reinwald, of Chicago, Ill., for appellant.

Clarence J. Silber, of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. The Cleveland, Cincinnati, Chicago & St. Louis Railway Company, as the initial carrier contracted with O'Gara Coal Company, subsequently adjudicated a bankrupt, to transport coal from certain mines in southern Illinois to Battle Creek, Mich.; the freight charges therefor being fixed by the published tariffs duly filed with the Interstate Commerce Commission. Appellant as a connecting carrier hauled the coal to South Bend, Ind., where it, without the consent or knowledge of the shipper, delivered the freight to consignee. It seeks, by this claim, to collect the difference between what it would be entitled to receive on a shipment originating as this one and carried to Battle Creek, Mich., and the amount it would under other published tariffs, have received had the destination been South Bend, Ind.

Ignoring other objections made to this claim, it is sufficient to say that the original contract fixed consignor's obligation for freight

charges. No other liability could, without its assent, be imposed upon it by a connecting carrier delivering the freight to the consignee before reaching its destination. The connecting carrier was the agent of the initial carrier, and its right to compensation was dependent upon and determined by the contract such initial carrier made with the shipper. The contract in this case being one for shipment to Battle Creek, Mich., appellant's compensation was determined by the rate in force for such transportation. Certainly its unauthorized delivery of the coal to consignee other than at the designated point of destination cannot enlarge consignor's liability. Atlantic Coast Line Railroad Co. v. Riverside Mills, 219 U. S. 186, 31 Sup. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7; Missouri, Kansas & Texas Railway Co. v. Ward, 244 U. S. 383, 37 Sup. Ct. 617, 61 L. Ed. 1213; Texas & Pacific Railway Co. v. Leatherwood, 250 U. S. 478, 39 Sup. Ct. 517, 63 L. Ed. 1096.

The decree is affirmed.