## POMONA PRODUCTS CO. v. SOUTHERN RY. CO.

### (District Court, N. D. Georgia.    January 11, 1924.)

### No. 667.

**1. Carriers ⊚⇒105(2)—Notice requisite to render carrier liable for special damages for delay.**

Special damages are not recoverable from a carrier for delay in delivery of property shipped in carload lots, unless notice of special circumstances making the damage likely to occur on delay was given the carrier on receiving the goods for transportation.

**2. Carriers ⊚⇒186—Connecting carrier not affected by notice to initial carrier of special damages likely to result from delay.**

The contract made by the initial carrier, so far as its terms are valid and applicable, covers the transportation to destination, and such carrier is liable in damages for unreasonable delay by a connecting carrier; but notice of special damages likely to result from delay, which might charge the initial carrier with liability, is not an element of the through contract, such as will affect the connecting carrier, unless noted on the waybill or otherwise brought home to it.

**3. Carriers ⊚⇒105(2)—Requisites of notice to charge carrier with liability for special damages for delay stated.**

Notice to a carrier that special damages will result from delay in shipment should be given at or before the time it receives the shipment, and to an agent in position to act thereon, or one whose duty it is to receive such knowledge and cause others to act; and the agent who receives the shipment is the obvious, and generally the proper, person to serve as a medium for such notice.

**4. Carriers ⊚⇒105(2)—Notice during transit may charge carrier with liability for special damages for subsequent delay.**

Where the cause and place of delay in a shipment are known, failure to use diligence to expedite delivery after notice given during transit may subject the carrier to liability for special damages subsequently accruing.

At law.    Action by the Pomona Products Company against the Southern Railway Company, on general and special demurrers to petition.    Sustained in part.

Beck & Beck, of Griffin, Ga., and Watkins & Asbill, of Atlanta, Ga., for plaintiff.

Arnold & Battle, of Columbus, Ga., for defendant.

SIBLEY, District Judge.    Pomona Products Company brought suit in tort in a state court against the Southern Railway Company for damages arising from unreasonable delay in delivery of seven cars of empty tin cans.    The cars were shipped over the Norfolk & Western Railroad from Roanoke, Va., and delivered at Griffin, Ga., by the Southern Railway Company.    The damages alleged arise from the spoiling of many tons of pimento peppers, which were to have been put in the cans at Griffin, loss of profits in the canning operations, and expense in procuring elsewhere such cans as could be gotten.    The case having been removed to this court, a general demurrer, going mainly

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to the necessity of notice of the special damages as likely to accrue, was filed, and the following opinion delivered:

[1] 1. The ordinary measure of damages for unreasonable delay in a shipment of merchandise is the depreciation in market value during the delay. The ordinary damages for a delay in a shipment of machinery, or the like, is the fair rent of the machinery. It would be difficult to know, without special information, what a carload of cans was, whether merchandise for sale, or machinery or utensils similar to machinery, or material for use; but I am satisfied that, to render recoverable the damages alleged in this case, there must have been notice of special circumstances making the damage likely to occur on delay, given the carrier on receiving the goods for transportation. I think the correct rules on the subject were laid down by Judge Newman in Central Trust Co. v. Savannah & Western R. Co. (C. C.) 69 Fed. 683. See, also, Columbus & Western R. Co. v. Flournoy & Epping, 75 Ga. 745, and Goodin v. Southern Railway Co., 125 Ga. 630, 54 S. E. 720, 6 L. R. A. (N. S.) 1054, 5 Ann. Cas. 573. The allegations of notice now in the pleadings are too vague to serve the purpose. Ten days will be allowed for the making of desired amendments before a final ruling upon the demurrers.

Amendments were offered averring notice of the special need for the cans and the liability to special damages on delay, given to the soliciting agents of both carriers before shipment, to the local station agent of the delivering carrier before shipment and during transit, and to the general freight agent and division superintendent of both carriers after some of the cars were in transit and before others started. Special demurrers were made to these and other portions of the pleadings.

[2] 2. The contract made by the initial carrier, so far as its terms are valid and applicable, covers the transportation to destination. M., K. & T. Railroad v. Ward, 244 U. S. 383, 37 Sup. Ct. 617, 61 L. Ed. 1213. And damages for unreasonable delay by a connecting carrier are within the liability of the initial carrier on its through contract, under Interstate Commerce Act, § 20, par. 11 (Comp. St. § 8604a). N. Y. P. & N. Railroad v. Peninsula Produce Exchange, 240 U. S. 34, 36 Sup. Ct. 230, 60 L. Ed. 511, L. R. A. 1917A, 193. Section 20, par. 12 (Comp St. § 8604aa), gives the initial carrier an action over against the connecting carrier for defaults of the latter for which the initial carrier has had to answer. But the notice of special damages likely to occur on delay, which might charge the initial carrier with liability for the damage, is not an element of the through contract, such as will affect the connecting carrier, unless noted on the waybill or otherwise brought home to him. In a controversy between the two carriers, it would seem unreasonable for the connecting carrier to be held liable to the initial carrier unless it would have been liable on an original shipment delivered to it. The Cummings Amendment modifies the common-law liability of the initial carrier only, rendering it liable until delivery to the consignee, but leaving the relation of connecting and terminal carrier and shipper or consignee to each other unaffected. Oregon-Washington Railroad v. McGinn, 258 U. S. 409, 42 Sup. Ct. 332, 66 L. Ed. 689. To render the connecting carrier liable either to the initial carrier or to consignor

or consignee for special damages arising from delay which are not the ordinary, natural consequences of delay, the connecting carrier must have notice at or before receiving the shipment and undertaking the carriage. The allegations here of notice given the agents of the initial carrier are immaterial and unavailing.

[3] 3. The purpose of notice from the carrier's standpoint is to enable it to decline the shipment, if by reason of unusual conditions it cannot transport promptly, or to enable it to take measures to insure necessary dispatch, if it does undertake the carriage. This can be met only by notice at or before receiving the shipment, and to an agent in position to act in the premises, or one whose duty it is to receive such knowledge and cause others to act thereon. The agent who receives the shipment for transportation is the obvious and the generally proper channel of such notice. L. & N. Railroad v. Mink, 126 Ky. 337, 103 S. W. 294; Pacific Express Co. v. Jones, 52 Tex. Civ. App. 367, 113 S. W. 952. The local agent of the defendant at the delivering station is not such an agent, according to the authority commonly had. He cannot control the shipment, nor the trains carrying it, until it reaches his station. A soliciting freight agent need not have such authority or duties. So the division superintendent's authority and duties are not evident from his title. But the allegation of the last amendment is express that each of these agents did have authority, and was under the duty, by virtue of his employment, to control the movement of this freight and expedite it. If this is true, notice to such an agent is sufficient.

[4] 4. As stated, notice ought generally to be given before the acceptance of the shipment and to the agent accepting it. Cases may occur where the cause and place of the delay are known, and where failure to use diligence to expedite delivery after notice given during transit might subject to liability for damages subsequently accruing. No such extraordinary case is alleged here.

In accordance with these views, the general demurrer is overruled. The special demurrers to allegations of notice to the agents of the Norfolk & Western Railroad Company, the initial carrier, are sustained. The demurrer to paragraph 8 (h) of the amendment is sustained, because the allegations are too vague. The demurrer to paragraph 14 as amended is sustained, because the loss of profits alleged is too remote, and not within the notice alleged. Paragraphs 17 and 18 are stricken as irrelevant. The remaining special demurrers are overruled; the allegations demurred to being apparently relevant to some, at least, of the shipments.