(No. 4837. January 9, 1929.)

ROBERT CAMPBELL, Respondent, v. OREGON SHORT
LINE RAILROAD COMPANY, a Corporation, Appellant.

[275 Pac. 576.]

George H. Smith, H. B. Thompson and John H. McEvers,
for Appellant.

224

Bothwell & Chapman, for Respondent, 

VARIAN, Commissioner.—This action was commenced June 30, 1920, to recover damages on account of freight charges paid by plaintiff, respondent here, on shipments of sheep from Richfield, Nebraska, part of which went to Chicago, Illinois, and part to South Omaha, Nebraska, and to recover $45 passenger fare from Chicago to Buhl, Idaho. Appellant is a common carrier engaged in interstate commerce, operating a line of railroad having its westerly terminus at Huntington, Oregon, and its easterly terminus at Granger, Wyoming. A portion of the shipments originated at Pilot Rock, Oregon, on the line of the Oregon-Washington Railroad & Navigation Company, and the balance on appellant's own line at Murphy, Idaho. As to part of the shipments, therefore, appellant stands in the relation of initial carrier, and is the intermediate carrier as to the rest.

Richfield, Nebraska, is not on the line of appellant, or its connecting carrier on the east, the Union Pacific Railroad, but is situate on the line of the Chicago, Rock Island & Pacific Railway, about 16 miles southwest of Omaha, and 518 miles from Chicago. Richfield is about four miles south of the Union Pacific track, which passes under the Chicago, Rock Island & Pacific tracks near it; and in order to make connection with the Union Pacific tracks, and ship therefrom to Richfield, it is necessary to go east to Omaha, and then back to Richfield, constituting what is called a back haul. The published tariffs make no provision for a through rate to Chicago, via Richfield, Nebraska, from Pilot Rock, Oregon, or points in Idaho, via the Union Pacific Railroad, appellant's connecting carrier at Granger, Wyoming.

On October 18, 1920, Campbell & Nichols shipped 22 cars of sheep from Pilot Rock, Oregon, consigned to themselves at Chicago, Illinois, "feed in transit at Buhl, Ida.," where they were unloaded. On August 20, 1920, one Palmer shipped 12 single-deck cars of sheep from Murphy, Idaho, consigned to himself at Middleton, Idaho. After being unloaded at that point, the sheep were driven to Nampa, Idaho, where they were reloaded with others in seven cars on September 22, 1920, and shipped by Palmer consigned to Robert Campbell at Chicago, Illinois, "To feed in transit at Buhl, Ida. 6 cars originated at Murphy, Idaho, and fed at Middleton, Idaho." On reaching Buhl, these sheep were unloaded. When each shipment reached Buhl, the agent for appellant collected the portion of the through rate due on the shipments from Pilot Rock and Murphy, respectively, to Chicago, that is, the proportion of the through rate due for carrying the sheep to Buhl.

On November 20, 1920, respondent shipped six cars of these sheep from Buhl, Idaho, and received a new bill of lading of that date, consigning them to himself at Chicago, Illinois, "Feed in transit at Richfield, Neb.," and on the same date, Campbell & Nichols shipped five cars from Buhl, consigned to themselves at Chicago, Illinois, "Feed in transit at Richfield, Nebraska," and received a new bill of lad-

ing from appellant at Buhl. Respondent subsequently succeeded to the rights of the firm of Campbell & Nichols (of which he was a member) in these contracts.

These 11 cars of sheep were fed at Montpelier, Idaho, and one car deflected at that point. The remaining 10 cars were delivered by appellant to its connecting carrier, Union Pacific Railroad Company, at Granger, Wyoming, which in turn delivered them to the Chicago, Rock Island & Pacific Railway Company at Omaha, and were by that railroad transported to Richfield, Nebraska, where the sheep arrived about November 26, 1920. The agent there collected the balance of the through rate on the shipment from Pilot Rock and Murphy to Chicago, Illinois. The sheep were held at Richfield for a period of about six weeks, and were shipped at intervals, a few cars at a time, to South Omaha, respondent paying the Chicago, Rock Island & Pacific Ry. Company the rates from Richfield, Nebraska, to that point. Later, four cars, two at one time and one car at two different times, were shipped by respondent to Chicago, Illinois.

The first and second causes of action of the original complaint declare upon the bills of lading issued at Pilot Rock, Oregon, and Murphy, Idaho, respectively, alleging these points as the origin of the shipments, "feed in transit at Buhl, Idaho"; that the sheep were fed at Buhl pursuant to said contracts, and were loaded at Buhl for shipment to Chicago, Illinois, "feed in transit at Richfield, Nebraska." The original complaint further alleges "that plaintiff is now informed and believes and therefore alleges that, at said time, said written contract was in violation of the printed tariffs, schedules and rates of the defendant corporation, as the same were then approved by and filed with the Interstate Commerce Commission." Later, plaintiff filed an amended complaint in which all reference to the bills of lading issued at Pilot Rock, Oregon, and Murphy, Idaho, is omitted in the first and second causes of action, and expressly declares upon the bills of lading issued at

Buhl, Idaho, on November 20, 1920, to plaintiff and to Campbell & Nichols.

The third cause of action is grounded upon the alleged failure of defendant to furnish return passenger transportation for plaintiff from Chicago.

Respondent contends that under his contracts of shipment he was entitled to have the sheep delivered at Chicago, Illinois, via Richfield, Nebraska, upon payment of the through rates from Buhl, Idaho, to Chicago, and that by paying the balance of the through rates, at Richfield, Nebraska, from Pilot Rock, Oregon, and Murphy, Idaho, to Chicago, he has paid all that the Buhl contracts required him to pay.

The evidence does not sustain the allegations of the amended complaint. It is shown that the first and second causes of action are based upon through interstate shipments, billed from Pilot Rock, Oregon, and from Murphy, Idaho, respectively, to Chicago, feed in transit at Buhl, Idaho. Each of the bills of lading issued at Buhl, on reshipment, recognizes the interstate character of the shipments, and gave respondent the right to participate in the benefits of the through rates from Pilot Rock, Oregon, and Murphy, Idaho, to Chicago. As to the shipment covered by the second cause of action, from Pilot Rock to Chicago, the appellant here was not the initial but the connecting carrier. As such, it was not liable to respondent for any loss or damage not incurred by it, and the subsequent bills of lading issued at Buhl do not control. (*M. K. & T. R. Co. v. Ward,* 244 U. S. 383, 37 Sup. Ct. 617, 61 L. ed. 1213; *Atchison, T. & S. F. R. Co. v. Harold,* 241 U. S. 371, 36 Sup. Ct. 665, 60 L. ed. 1050.)

As to the first cause of action, covering the shipment from Murphy, Idaho, to Chicago, Illinois, feed in transit at Buhl, Idaho, the pleading is not sufficient. Respondent attempts to plead a contract at Buhl, Idaho, which does not supersede that made at Murphy, Idaho. Good pleading would require that respondent declare upon the

contract or bill of lading issued at Murphy, Idaho. (*Ausk v. Great Northern Ry. Co.*, 10 N. D. 215, 86 N. W. 719.)

Again, respondent deflected and sold six cars of the ten included in the original shipments, at South Omaha, Nebraska, shipping the four cars remaining from Richfield, Nebraska, to Chicago, Illinois. Respondent was uncertain whether any of these four cars were part of the shipment that originated at Murphy, Idaho, testifying that it was his "understanding" that they were. We do not deem the proof sufficient to establish that the cars actually shipped to Chicago belonged to the shipment originating at Murphy, Idaho. If they were not part of said shipment, respondent, under any theory of his case, was not entitled to recover from the appellant.

The third cause of action, based upon the alleged failure of appellant to furnish respondent return passenger transportation from Chicago to Buhl, must also fail. The bills of lading all specify that the person entitled to return transportation will, upon surrender of the contract to the appellant's agent at Chicago, receive a return ticket, etc. There is no evidence that respondent ever demanded a return ticket at Chicago, or surrendered his contracts there, or that he surrendered or offered to surrender his contracts at any point; it shows, rather, that respondent never went to Chicago at all, and never got farther east on this occasion than Omaha, Nebraska.

We therefore recommend that the judgment be reversed, with costs to appellant.

Ensign and Brinck, CC., concur.

The foregoing is approved as the opinion of the court; the judgment is reversed with costs to appellant.

Budge, C. J., Taylor and Wm. E. Lee, JJ., and Hartson, D. J., concur.