20841. Williamson-Inman Co. Inc. *v.* Nashville, Chattanooga & St. Louis Railway *et al.*

Stephens, J. 1. Where goods are accepted by a carrier in an interstate shipment on a through bill of lading to a point of destination on the line of another carrier, the first carrier thereby contracts with the shipper to transport the goods to the point of destination, and the connecting carrier, after receiving the goods from the initial carrier for transportation to the point of destination, is the agent of the initial carrier for the purpose of completing the performance of the contract. Galveston &c. Ry. Co. *v.* Wallace, 223 U. S. 481 (32 Sup. Ct. 205, 56 L. ed. 516) ; Missouri &c. Ry. Co. *v.* Ward, 244 U. S. 383 (37 Sup. Ct. 617, 61 L. ed. 1213) ; *Central &c. Ry. Co.* v. *Council,* 163 *Ga.* 494 (136 S. E. 418).

2. This same situation obtains where a carrier, after having delivered at the point of destination goods entitled to transit privileges, issues to the consignee, for an interstate transportation of the goods, a new bill of lading as from the original shipping point on its line to a new point of destination on the line of another carrier, and the goods have been delivered to the latter carrier for transportation.

3. Goods shipped by a carrier, which, under the authorized tariff regulations, are entitled to transit privileges, may be delivered to the consignee at the point of destination and later reshipped by him by railroad transportation to another point, and the entire freight-charges from the original point of shipment to the new point of destination will be the through-freight charges between these two points. When the

goods are thus reshipped the first carrier issues to the consignee a through bill of lading from the original point of shipment on its line to the ultimate point of destination over the line of the connecting carrier and collects as freight charges a sum, in addition to the local rate from the original point of shipment to the first point of destination, necessary to make the entire freight charges from the initial point of shipment to the ultimate point of destination equal to the through-freight charges between these points.

4. The carrier in issuing a through bill of lading to goods entitled to transit privileges which are reshipped from the transit point over the line of another carrier to the new point of destination, and in collecting from the shipper the additional freight charges necessary to make the entire freight charges from the original point of shipment to the ultimate point of destination over the line of the connecting carrier equal to the through-freight charges between these two points, thereby contracts with the shipper to continue the transportation of the goods over the line of the second carrier, and thereby has the legal right to collect from the shipper the freight charges legally required for such transportation; and where the carrier issuing the through bill of lading collects as freight charges from the shipper a sum less than the amount legally required, it has the legal right to collect this difference as an undercharge from the shipper. It follows, therefore, that where goods so shipped from a transit point are not in fact entitled to transit privileges and are not entitled to be transported at the through-freight charges from the initial point of shipment on the line of the carrier issuing the through bill of lading to the point of destination on the line of the connecting carrier, but are only entitled to be transported from the transit point to the point of destination at the local freight rate between these points, which, when added to the local freight rate already paid from the initial shipping point on the line of the first carrier issuing the through bill of lading to the transit point, would make a sum in excess of the through-freight rate from the initial point of shipment to the final point of destination, the carrier issuing the through bill of lading is entitled to collect from the shipper a sum equivalent to this undercharge. The carrier issuing the through bill of lading for the transportation of the goods from the transit point to the point of ultimate destination through the connecting carrier as its agent is entitled to collect the legal freight charges, notwithstanding the goods which were reshipped and which were not entitled to transit privileges, had not been transported and brought to the transit point by this carrier over its lines, but had been transported and brought to the transit point by another carrier; and where, through the mistake of the shipper in shipping the goods under the erroneous belief that they were entitled to transit privileges, the full transportation charges from the transit point to the point of destination were not collected by the carrier issuing the through bill of lading, the carrier was entitled to collect from the shipper a sum sufficient to render the transportation charges collected equivalent to the legal rate.

5. In a suit by the carrier issuing the through bill of lading against the shipper to recover for the undercharge on the shipment, it was not error

for the court to allow an amendment to the plaintiff's petition, alleging that the acts of the connecting carrier in connection with the reshipment of the goods were its acts as an agent of the plaintiff.

6. The plaintiff was entitled to collect from the defendant a sum sufficient to render the transportation charges collected equivalent to the legal rate, and the court did not err in finding for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 1, 1931.

*Charles E. Cotterill, Hooper & Hooper, Joseph J. Hopkins,* for plaintiffs in error.

*Tye, Thomson & Tye, Mac Asbill,* contra.