942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TOKIO MARINE & FIRE INSURANCE COMPANY, LTD., Plaintiff-Appellant,
v.
ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, the New York,
Susquehanna and Western Railway, Intermodal
Systems, Inc., Defendants-Appellees.
 No. 90-55328.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1991.
Decided Sept. 3, 1991.
 
 Before HUG, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is a subrogation action brought by Tokio Marine & Fire Insurance Company, Ltd. ("Tokio Marine") to recover damages sustained by its insured, American Honda Motor Company ("Honda"), when a train operated by a New York, Susquehanna and Western Railway ("NYS & W") derailed in Franklin, New Jersey, causing damage to 54 Honda All Terrain Vehicles ("ATVs") in the amount of $50,928.62.
 
 
 3
 Tokio Marine originally brought this action against Atchison, Topeka & Santa Fe ("Santa Fe") under the Carmack Amendment, 49 U.S.C. § 11707, alleging that Santa Fe was the originating carrier. In an amended complaint, Tokio Marine also joined NYS & W as the carrier causing the loss along with Intermodal Systems, Inc. ("ISI"), as the agent arranging the the inland shipment. The complaint is somewhat vague as to the basis for the claim against the latter two defendants.
 
 
 4
 The crucial issue in this case is whether this shipment is governed by the contractual provisions of a "through bill of lading" issued by the ocean carrier, Sea-Land Services, Inc. ("Sea-Land") to Honda, or whether the contractual provisions of the Sea-Land bill of landing governed only the ocean shipment to Long Beach, California, with the inland shipment to Albany, New York being governed by the provisions of the Carmack Amendment.
 
 
 5
 The district court held from the undisputed facts that the shipment was governed by the contractual provisions of the Sea-Land bill of lading as a "through bill of lading," and therefore this bill of lading governed the overland segment of the carriage. A provision of the Sea-Land bill of lading provided for a one-year statute of limitations. Tokio Marine does not dispute that it filed this suit outside the one-year limitations period; therefore, the district court dismissed the action as to all three carriers.
 
 
 6
 We review de novo the district court's grant of summary judgment. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987). We conclude that the shipment involved in this case was made pursuant to a "through bill of lading" originating in Japan and thus not issued in the United States. Consequently, the Carmack Amendment does not apply to govern the terms of the inland carriers' portion of the transportation.
 
 
 7
 A shipper may assume by contract the responsibility for a shipment over an entire route. See Atlantic Coast Line R.R. v. Riverside Mills, 219 U.S. 186, 197 (1911). The carrier may agree to contract to carry the goods to its ultimate destination. If so, the carrier may agree to do so through the agency of other and independent carriers. Id. at 196. We look primarily to the bill of lading to ascertain what the terms of the contract of shipment were. See Louisville & Nashville R.R. v. Central Iron & Coal Co., 265 U.S. 59, 65-67 (1924). When a through bill of lading forms the basis for the contract, then even though a connecting intermediate carrier might issue a second bill of lading, the second bill is considered void for lack of consideration as the connecting carrier is already obligated to transport the freight under the terms and conditions of the through bill of lading. Mexican Light & Power Co. v. Texas Ry., 331 U.S. 731, 734 (1947). A through bill of lading governs the entire transportation and fixes the liability of each of the participating carriers to that the several carriers are treated not as independent contracting parties but as carriers participating in one overall contract of transportation. Missouri, K & T Ry. v. Ward, 244 U.S. 383, 387-88 (1917). The applicable valid terms of a through bill of lading fix the liability of each participating carrier. Id.
 
 
 8
 The Sea-Land bill of lading listed on two places the final destination on the face of the bill of lading. The bill of lading clearly contemplated the use of other carriers for the inland transportation, as is evidenced by the provision on the face of the bill that states that the bill of lading has been issued by Sea-Land on behalf of itself and other participating carriers. Obviously the routing of the bill of lading to arrive at Albany, New York would necessarily require the involvement of inland carriers. Furthermore, it is significant that no other bill of lading was ever issued by any of the participating inland carriers. The amount of the total freight charge paid by Honda, $1,150, was the amount shown on the Sea-Land bill of lading.
 
 
 9
 Tokio Marine is unable to point effectively to a relevant document that would govern the rights, liabilities, and obligations of Santa Fe during the period of transport. Further, it is unable to point to any evidence that obligations other than those required by the Sea-Land bill arose at the time the inland carriers took possession. Nor does it contend that the inland carriers acted beyond the scope of the Sea-Land bill of lading. Consequently, we agree with the district court that the Sea-Land bill of lading was a through bill of lading.
 
 
 10
 The shipment of these goods being governed by the Sea-Land through bill of lading, the Carmack Amendment provisions could not apply because the shipment did not originate in the United States. The one-year statute of limitations which under the provisions of that bill of lading extended to participating carriers thus requires the dismissal of this action.
 
 
 11
 As the district court noted, if the sole basis for the action against NYS & W and ISI was the Carmack Amendment, the dismissal as to them would also have been required for lack of jurisdiction because California would have been improper venue for the action against NYS & W, and ISI was not a common carrier subject to liability under the Carmack Amendment. Because it is uncertain that the Carmack Amendment was the sole basis for the claims against these defendants, the district court did not dismiss for this reason, and in affirming, we need not explore this alternate ground.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3