**WILLIAM WRIGLEY, JR. COMPANY, Plaintiff,**

v.

**STANLEY TRANSPORTATION, INC., R.R. Stanley, Defendants, cross-claim Plaintiffs,**

and

**Lee Trucking, Inc., Defendants, cross-claim Defendants.**

No. 98 C 2988.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 22, 2000.

Howard B. Randell, Leahy, Eisenberg & Fraenkel, Chicago, IL, for Plaintiff.

Elena M. DeWolfe, McCullough, Campbell & Lane, Chicago, IL, Richard M. Craig, Hinshaw & Culbertson, Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Lee Trucking, Inc. ("Lee"), of California, encountered a misfortune during November 1996, while shipping a load of gum belonging to William Wrigley, Jr. Co. of Chicago, Illinois, ("Wrigley"), from Fontana, California, to Garland, Texas, for Stanley Transportation, a Texas trucking corporation that had a contract with Wrigley. The goods, alleged to represent about $200,000 worth of gum, never arrived be-cause the driver, a drug addict, had sold them for $500 to buy crack cocaine.

Wrigley sued Stanley Transportation and Lee Trucking in federal court under the Carmack Amendment, 49 U.S.C. § 14706, and several state law causes of action, for damages in the amount of $191,-159.51. I dismissed the state law claims as preempted. R.R. Stanley and Stanley Transportation now move for summary judgment and cross-claims for contribution against Lee. Lee, for its part, moves for judgment on the pleadings against Stanley Transportation, and Wrigley moves for partial summary judgment against Lee. I grant these motions in part and deny them in part, but the upshot is that Lee is liable to Wrigley, and must indemnify Stanley Transportation for anything it must pay, as well as for reasonable legal expenses, in this case.

■ First, Wrigley argues that Lee is liable to it under the Carmack Amendment. The Carmack Amendment provides that "a common carrier is liable for all losses which occurred while the goods were being transported by it, unless the carrier can demonstrate it is free from fault." *Pharma Bio, Inc. v. TNT Holland Motor Express, Inc.*, 102 F.3d 914, 916 (7th Cir.1996). In order to recover damages under the Carmack Amendment, a plaintiff must first establish a prima facie case by providing evidence that (i) the goods in question had been delivered to the carrier in good condition; (ii) the goods had arrived at the final destination in a damaged or diminished condition; and (iii) the damages can be specified. *See id.* (citing *Missouri Pacific Railroad Co. v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964)). Once the plaintiff has satisfied these requirements, the defendant carrier will be liable for damage to the goods in question, unless it can show that it was free from negligence and that the damage was caused by "(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the

inherent vice or nature of the goods." *Missouri Pacific,* 377 U.S. at 137, 84 S.Ct. 1142.

■ Wrigley says that it delivered the property in good condition, that the goods were never delivered, and none of the exceptions apply. Lee replies, first, that for a shipper to recover under the Carmack Amendment, it must have filed a claim with either Stanley Transportation or Lee under the Uniform Straight Bill of Lading and 49 C.F.R. § 10005.2, but Wrigley did not do these things. Moreover, it says that Wrigley failed to list Stanley Transportation as the carrier on the Bill of Lading in compliance with the provisions of the Uniform Straight Bill of Lading, precluding a finding for Wrigley as a matter of law. Wrigley responds that it satisfied the requirements by sending a "Product Claim" dated December 2, 1996, to "Stanley Trucking." Lee says it never received this claim within the required period for filing a claim and so was not on notice that its own truck had been robbed and the contents stolen. Wrigley responds that Lee was on actual notice, and submits in support of this, among other things, a recorded conversation of December 9, 1996, between an investigator and Mrs. Lee of Lee Trucking, in which Mrs. Lee acknowledges the essential facts. No reasonable trier of fact could conclude otherwise than that Lee was on notice, and Lee does not dispute that it was in fact on actual notice.

In the Seventh Circuit, actual notice is all that is required. *See Hopper Paper Co. v. Baltimore & O.R. Co.,* 178 F.2d 179, 181 (7th Cir.1949). Lee notes that Judge Nordberg of this court declined to follow *Hopper Paper, see Taft Equip. Sales Co. v. Ace Transp., Inc.,* 851 F.Supp. 1208 (N.D.Ill.1994), because "the states encompassed in that jurisdiction have no relation to the facts of this case" and because "*Hopper Paper* has been widely criticized by courts in other circuits." *Id.* at 1212. However, whatever the circumstances may have been in *Taft Equip. Sales* that led the

court not to follow Seventh Circuit precedent, I see no such circumstances here that would justify any such departure. Moreover, the Seventh Circuit cited *Hopper Paper* with approval fairly recently. *See Wisconsin Packing Co., Inc. v. Indiana Refrigerator Lines, Inc.,* 618 F.2d 441, 447 n. 7 (7th Cir.1980) ("*Hopper* is not the derelict the dissent implies it is ..." (listing cases where *Hopper* was followed.)).

■ Because Lee had actual notice and that was enough, this disposes of Lee's arguments that the "Product Claim" was inadequate as a filing. These arguments will not at any rate hold water. Lee contends, among other reasons, that the "Product Claim" would not do because it lists the carrier as "R.R. Stanley" (an individual) and the consignee is listed as "Stanley Trucking" rather than as Lee Trucking or Stanley Transportation. Lee does not contend that these errors caused it any confusion or would be likely to cause a reasonable person any confusion.

The Carmack Amendment is meant in part " 'to relieve shippers of the difficult, and often impossible, task of determining on which of the several connecting lines the damage occurred.' " *Tokio Marine and Fire Ins. Co., Ltd. v. Amato Motors, Inc.,* 996 F.2d 874, 877 (7th Cir.1993) (*quoting Missouri, K. & T. Ry. v. Ward,* 244 U.S. 383, 387, 37 S.Ct. 617, 61 L.Ed. 1213 (1917).). It would frustrate the purpose of the law to insist on formalistic purity and rigid precision in getting all the "i"'s dotted and "t's" crossed. This is not a Article Nine security interest filing, where notice to the world requires ensuring that the names are just right. The Supreme Court has never required such scrupulous exactitude in the Carmack Amendment context. *See Georgia, Florida, & Alabama Ry. Co. v. Blish Milling Co.,* 241 U.S. 190, 198, 36 S.Ct. 541, 60 L.Ed. 948 (1916) (The claim requirement "is addressed to a practical exigency and it is to be construed in a practical way.").

Finally, Lee disputes whether it ever accepted goods in the amount or of the value that Wrigley claims, but this is not to the point because Wrigley asks for summary judgment as to liability, not damages. Therefore I grant Wrigley summary judgment against Lee on Carmack Amendment liability.

 Stanley Transportation cross-claims for contribution against Lee, alleging three state law bases (counts I–III) and one claim of indemnity under the Carmack Amendment (count IV). As I have already decided, the Carmack Amendment claims preempt all the state law claims, and so I deny Stanley Transportation's motion to recover on any state law basis and grant Lee's motion for judgment on the pleadings on counts I–III of the cross-claim. I deny Lee's motion for an extension of time to answer Stanley Transportation on count IV. The reply was due November 30, 1999, and it is too late to file an incomplete brief on December 3, 1999, requesting yet more time. Besides, there is no reply to be made. The Carmack Amendment clearly states that the consigning carrier "is entitled to recover from the carrier over whose line or route the loss or injury occurred the amount required to be paid to the owners of the property" as well as its reasonable legal expenses. 49 U.S.C. § 14706(b). If the law were any more clear, it would say, "Lee, pay up." I therefore grant Stanley Transportation's cross-claim for indemnity.

Wrigley's Amended Complaint at Law of February 7, 2000, states no claims against the individual Robert (R.R.) Stanley. No other party has any claims against R.R. Stanley as an individual, and so I dismiss him from the case, and deny his motion for summary judgment as moot.

In sum, I grant Wrigley summary judgment against Lee on Carmack Amendment liability. I grant Lee's motion for judgment on the pleadings on counts I–III of Stanley Transportation's cross-claim (the state law claims). I deny Lee's motion for an extension of time to answer count IV, and I grant Stanley Transportation summary judgment on count IV (indemnity under the Carmack Amendment). I dismiss R.R. Stanley as an individual from the case, and deny his motion for summary judgment as moot. I also deny as moot various motions to strike submitted by all parties.