No. 3882

**Second Circuit**

## ST. LOUIS SOUTHWESTERN RY. CO. v. RIVERS ET AL.

(November 7, 1930. Opinion and Decree.)
(December 23, 1930. Rehearing Refused.)

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for plaintiff, appellee.

Cook & Cook, of Shreveport, attorneys for defendants, appellants.

DREW, J. Plaintiff sued defendants for $169.66, alleging an undercharge of freight on a car of railroad ties from Luliff, Texas, to Alden Bridge, La. The shipment weighed 99,800 pounds, for which plaintiff charged defendants 21½ cents per hundred pounds for freight, which amount was paid. The shipment was made on December 22, 1922, and on the 24th of December, 1925, the present suit was instituted.

The only question to decide is, what was the correct freight rate on this commodity between Luliff, Texas, and Alden Bridge, La., at that time. Plaintiff contends that it should have been 38½ cents per hundred pounds, and defendants contend that the correct rate was 21½ cents per hundred pounds, the amount they paid.

The evidence in the case is short. Plaintiff used its tariff expert, who was of the opinion that the rate of 38½ cents per hundred pounds was correct, and 'it also filed five letters from the Interstate Commerce Commission and the Bureau of Traffic of the Interstate Commerce Commission, all in answer to inquiries regarding this particular shipment. Two of the letters state that the correct charge is 20 cents per hundred pounds, two that it is 24½ cents per hundred, and the last letter, from the acting secretary, states that 38½ cents is correct.

The defendants offered the testimony of two experts on freight tariffs, one the traffic manager of the Shreveport Chamber

168

of Commerce, who had thirty-one years' experience with the various railroads, and one the traffic agent of the Chicago & Alton Railroad Company, both of whom testified that the correct rate was 21½ cents per hundred pounds.

We are convinced that the confusion was caused by the difference in rates on old rails and new rails, and that plaintiff is attempting to collect a rate that applies to new rails instead of old rails, although all of the letters filed in evidence show that the shipment was one of old rails, that would take a special rate.

The lower court rendered judgment for plaintiff, holding that the rate of 38½ cents per hundred applied. He did not file a written opinion, and we do not know what the judgment is based on. He may have had the schedule of railroad tariffs before him. If so, they were not filed in evidence, and we only have the opinions of the three experts and the five letters from the Interstate Commerce Commission and Traffic Bureau of the Interstate Commerce Commission. Two of the experts think a rate of 21½ cents should apply and one thinks a rate of 38½ cents should apply. There was undoubtedly no certainty about what the correct rate was, as is shown by the five letters, two of which fix 20 cents as the proper rate, two that fix 24½ cents as the proper rate, and one that fixes 38½ cents as the proper rate.

The plaintiff assumes the burden of proving its case with a preponderance of evidence, and in this case we are convinced that the preponderance of testimony is against the plaintiff, and that its demands should be rejected.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed and the demands of the plaintiff rejected at its cost in both courts.