INTERNATIONAL ALKALI CO. v. NEW ORLEANS & N. E. R. R. CO.

(April 27, 1931. Opinion and Decree.)

Chester A. Peyronnin, of New Orleans, attorney for plaintiff, appellee.

Monroe & Lemann and Watts K. Leverich, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. Plaintiff sues the defendant, an intermediate carrier between Meridian, Miss., and New Orleans, La., to recover the sum of $151.80 for overcharges claimed to have been paid by him to defendant railroad company.

The petition alleges that Charles R. Kincaide is the sole owner of and doing business under the name of International Alkali Company, and that during the months of August, September, October, and November, 1924, he sold and delivered to E-Z Opener Bag Company various carloads of lime in bulk; that defendant was engaged to transport these shipments from Cumberland, Ala., to Braithwaite, La.; and that the carrier overcharged him the various amounts set forth in the itemized statement annexed to and made part of the petition.

The defendant denied liability, averring that the freight charges were collected by it from the Louisiana Southern Railway Company, the delivering carrier, and that the amounts collected were the lawful published tariff charges in effect on the shipments at the time of their movement.

There was judgment in favor of plaintiff for the sum of $52.36 and as to the balance of the claim plaintiff was nonsuited. The defendant has appealed.

The only evidence introduced by the plaintiff were his own depositions and certain exhibits referred to by him in his testimony, consisting of two letters from the secretary of the Interstate Commerce Commission. By these letters the plaintiff sought to prove that the proper freight charge, according to the lawful published tariff, was $2.70 per ton, covering bulk shipments of lime in carload lots, whereas the railroad company had charged him $3.70. The attorney for the defendant company objected to the testimony of the plaintiff, as to rates, on the ground that it was hearsay; as to the letters and memoranda purporting to come from the Interstate Commerce Commission on the ground that they were immaterial and irrelevant and res inter alios acta, and further on the ground that they were not sworn to and sealed by the secretary of the Interstate Commerce Commission, as required by law, that they were ex parte statements and hearsay, concerning which the defendant did not have any opportunity for cross examination, and that they were mere statements of the opinion of a third person as to the interpretation of the provisions of the tariff.

The U. S. Code, Title 49, "Transportation," section 16, paragraph 13, provides as follows:

"The copies of schedules and classifications and tariffs of rates, fares and charges, and of all contracts, agreements, and arrangement between common carriers filed with the commission as herein provided, and the statistics, tables, and figures contained in the annual or other reports of carriers made to the commission as required under the provisions of this chapter shall be preserved as public records in the custody of the secretary of the commission, and shall be received as prima facie evidence of what they purport to be for the purpose of investigations by the commission and in all judicial proceedings; and copies of and ex-

tracts from any of said schedules, classifications, tariffs, contracts, agreements, arrangements, or reports, made public records as aforesaid, certified by the secretary, under the commission's seal, shall be received in evidence with like effect as the originals."

In the case of Shelton v. St. L. & S. F. Ry. Co., 131 Mo. App. 560, 110 S. W. 627, 630, with reference to this subject-matter, the court held:

"Defendant's schedule of rates on file with the Commission is a record required by law, and is, by express statute, to be preserved as a public record. * * * What it contains as to rates, or otherwise, can be exemplified only by a copy thereof, or at least copies of such portions as are pertinent, duly certified by the secretary of the Commission, who is their lawful custodian."

See, also, St. Louis S. W. Ry. Co. v. Rivers, 15 La. App. 167, 130 So. 641.

It would appear to us that this provision of the Code was adopted for the purpose of furnishing a method of proof of tariffs lawfully filed with the Interstate Commerce Commission, as the charges provided in these tariffs are the only lawful rates which the shipper shall be required to pay and the railroad permitted to collect. Under the rules of evidence the best evidence of the lawful published tariff rates would be the original tariffs filed with the Interstate Commerce Commission. But it would be impossible to offer these originals in evidence and, hence, the law provides that certified copies by the secretary of the commission, under its seal, shall be received in evidence with like effect as the originals. The plaintiff made no effort to produce such certified copies of the applicable tariffs. We believe that these copies would have been furnished upon request by the secretary of the commission, but apparently no attempt was made to obtain them. Timely objection was made to the offer of this evidence by the defendant's counsel, but our learned brother below ruled that the objection should go to the effect. We are of the opinion that the objection was proper and should have been sustained.

Without the tariffs before the court it was impossible to attempt an interpretation of their provisions. Even if the secretary's letters were admissible in evidence, his opinion, or interpretation, would not have been binding upon us, for the courts are not bound even by the construction placed upon the tariffs by the Interstate Commerce Commission. Hohenberg v. L. & N. R. Co., 46 F. (2d) page 952 (5th Circuit Court of Appeal); Great Northern Ry. Co. v. Merchants' Elevator Co., 259 U. S. 285, 42 S. Ct. 477, 66 L. Ed. 943, 946; Texas & Pac. Ry. Co. v. Leatherwood, 250 U. S. 478, 480, 39 S. Ct. 517, 63 L. Ed. 1096, 1098.

The elimination of this evidence leaves the record in such a condition that we are forced to the conclusion that the plaintiff has failed to prove his case and, for the reasons assigned,

The judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of defendant and against plaintiff, dismissing plaintiff's suit as in case of non-suit, at plaintiff's cost.