**LUMBERMENS MUTUAL CASUALTY CO., Plaintiff,**

v.

**GES EXPOSITION SERVICES., INC., and Swift Transportation Co., Inc., Defendants.**

No. 02 C 8932.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 4, 2003.

John Francis Horvath, Dennis Hesser, Duane Charles Weaver, Horvath & Lieber, Chicago, IL, for plaintiff.

Donald J. O'Meara, Jr., Mark Scott Ratner, Robert John McLaughlin, Pretzel & Stouffer, Chtd., Daniel Charles Murray, Jason Orleans, Johnson & Bell, Ltd., Chicago, IL, Steven Bradley Novy, Johnson & Bell, Ltd., Waukegan, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

This is a subrogation action by Lumbermens Mutual Casualty Company ("Lumbermens") to recover monies paid to its insured, Accu–Reg, Inc. ("ARI"). ARI is in the business of overseeing registration at trade show events. ARI and defendant GES Exposition Services, Inc. ("GES") entered into an agreement whereby GES was to arrange for the shipment of ARI's computer equipment from a trade show in Nashville, Tennessee to ARI's facility in Carrollton, Texas. GES packed the computer equipment into crates and loaded them onto the truck of defendant Swift Transportation Company ("Swift"), which transported them to Texas. Upon arrival, it was discovered that the crates had tipped over in transit, causing $121,935 in damage to the computer equipment. Lumbermens sued GES and Swift in the Circuit Court of Cook County seeking relief under a number of state theories and the Carmack Amendment, 49 U.S.C. § 14706. Swift removed to this court. Each party now moves for partial or full summary judgment.

GES' motion for partial summary judgment is DENIED in part and GRANTED in part. GES argues that its liability is limited to $1000, per the terms of the order form signed by ARI. I find that this provision of the order form is not enforceable under the Carmack amendment, but a question of fact exists as to whether the amendment applies. If it does not apply, and the state law causes of action survive, then the liability limitation is enforceable.

■ The Carmack amendment makes interstate carriers liable for the entire value of the property damage they cause, 49 U.S.C. § 14706, and preempts all state law claims based upon the contract of carriage in which the harm arises out of the loss or damage of the goods. *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 284 (7th Cir.1997). Carriers may avoid liability by entering into a contract with shippers that meets certain criteria, but it is clear that the contract between ARI and GES did not fall into this category, and would not protect GES if the amendment applies. *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1063 (7th Cir.2000). Thus, the question is whether GES was a broker (in which case it is not liable under the amendment) or a carrier or freight forwarder (in which case it is liable). Whether a company is a broker or a carrier/freight forwarder is not determined by how it labels itself, but by how it holds itself out to the world and its relationship to the shipper. *Custom Cartage, Inc. v. Motorola, Inc.*, No. 98–C5182, 1999 WL 965686, at 11–12 (N.D.Ill. Oct. 15, 1999), 1999 U.S. Dist. LEXIS 16462, at *31–34 (Kocoras, J.). Here, it is unclear how GES held itself out. It does not seem to be simply a broker, as it apparently undertook responsibility for making sure the equipment got from Tennessee to Texas, and it packed and loaded the equipment onto Swift's truck, but I simply do not have enough information to decide the issue. Therefore, I deny summary judgment on the question of whether the Car-

mack amendment applies, but if GES is found to be a carrier or freight forwarder, its liability is not limited by its agreement with ARI.

■ As to the state-law claims, which survive if GES is not a carrier or freight forwarder, Lumbermens argues that the liability-limitation clause of the contract is unenforceable because it is unconscionable. Although Lumbermens does not discuss whether the law of Illinois, Texas, or Tennessee applies, it suggests that regardless of choice of law, the imbalance of bargaining power between the parties renders the clause unconscionable. In support, it cites deposition testimony by GES employees stating that ARI's client, INNMUG, was the party that selected GES, and that ARI had no choice but to work with GES. But if that is true, ARI freely contracted to work with its clients under those circumstances. If it wished to avoid the risk possibly associated with using its clients' preferred shipper, it should have negotiated with the clients to retain that right. Both ARI and GES are corporate repeat players, not consumers, and Lumbermens has not pointed to any facts suggesting that the liability limitation clause was unenforceable for any reason. Therefore, GES' motion for partial summary judgment is granted as to the state-law claims; if the claims are not preempted by the Carmack amendment, GES' liability on those claims is limited to $1000 under the terms of its agreement with ARI.

Swift's motion for summary judgment is GRANTED in part and DENIED in part. As a threshold matter, there can be no doubt that Swift is a carrier under the Carmack amendment. Therefore, Count VI, the state law claim against it, is preempted. Swift's motion for summary judgment is GRANTED as to that claim.

■ Swift argues that the Carmack amendment claim against it fails because Swift's Rules Tariff, which was in effect at the time of the disputed shipment, provides that a shipper whose goods are injured must notify Swift of its claim in writing within nine months and one day of the delivery. Since ARI offered no such notice prior to filing this lawsuit, Swift reasons, summary judgment is proper. If incorporated into a contract, a carrier's tariff may be binding against a shipper. *Nieman Marcus Group, Inc. v. Quast Transfer, Inc.,* No. 98–C3122, 1999 WL 436589, at 3–4 (N.D.Ill. Jun.21, 1999), 1999 U.S. Dist. LEXIS 9564, at *11–12 (Hart, J.). However, there is no indication that Swift's Rules Tariff applied to the instant transaction. The only memorandum of the agreement among the parties is the GES Order Form. Unlike the bill of lading in *Nieman Marcus,* it makes no reference to incorporation of any tariff or set of rules. Without such a reference, the shipper is not bound by the tariff. *Taft Equip. Sales Co. v. Ace Transp., Inc.,* 851 F.Supp. 1208, 1212 (N.D.Ill.1994) (Nordberg, J.). Swift has failed to show that ARI had any contractual obligation to provide notice of its claim within nine months. Furthermore, even if ARI had a duty to notify Swift, it is undisputed that Swift had actual notice of the damage, which was brought to the attention of its driver upon arrival, and actual notice "is all that is required." *William Wrigley, Jr. Co. v. Stanley Transp., Inc.,* 121 F.Supp.2d 670, 672 (N.D.Ill.2000) (Bucklo, J.).

Next, Swift argues that the plaintiff has no basis to assert liability against Swift because Swift's liability, if any, runs only to GES, the freight forwarder. *Neal v. Republic Airlines, Inc.,* 605 F.Supp. 1145, 1150 (N.D.Ill.1985) (Shadur, J.). However, the parties hotly contest the characterization of GES as a freight forwarder. As discussed above, GES' role is unclear. This is a factual question which defeats summary judgment.

Alternatively, Swift argues that even if it is liable, its liability is limited by the liability cap in the order between ARI and GES or by its own tariff. As discussed above, Swift's tariff does not apply here because the parties did not agree to follow it. The liability limitation in the order form does not meet the conditions necessary to limit liability under the Carmack Amendment, *Opp*, 231 F.3d at 1063. Therefore, Swift's motion for summary judgment on the Carmack count, or in the alternative for a limitation of damages, is DENIED.

Plaintiff's motion for summary judgment is DENIED; as discussed above, the case presents genuine questions of material fact.